244 So.2d 758 (1971)
Nathaniel DEDMOND, Appellant,
v.
ESCAMBIA COUNTY, Appellee.
No. N-268.
District Court of Appeal of Florida, First District.
February 25, 1971.
*759 Coe & Coe, Pensacola, for appellant, Nathaniel Dedmond, pro se.
Jack H. Greenhut, Pensacola, for appellee.
SPECTOR, Judge.
Appellant seeks reversal of an order granting appellee's motion to dismiss the complaint herein with prejudice for failure to state a cause of action in a suit asking that appellee-defendant be enjoined from readvertising for bids on the leasing of a public beach and also asking that appellee be required to execute a lease agreement with appellant in accordance with his bid proposal and subsequent lease award based thereon.
Pursuant to advertisements therefor, appellant submitted his bid on or before March 3, 1970, for a lease to operate concessions at county owned Rosemond Johnson Beach. On March 6, 1970, the appellee board voted four to one to award the subject lease to appellant. The minutes of the commission meeting which are in evidence reflects that three bids were made and that each was subjected to close scrutiny and analysis resulting in a report that appellant's bid was best and most beneficial to the county on the basis of both anticipated income and service to the public in terms of being open longer hours on a year-round basis, whereas the other two bidders were willing to be open only on a more limited basis. On March 9, 1970, the clerk of the circuit court and ex officio county auditor addressed a letter to appellant in behalf of appellee board which stated:
"This is to advise you that the Board of County Commissioners accepted your bid on Rosemond Johnson Beach Concession as being the most favorable to the County *760 and voted to award you the lease for a period of five (5) years, beginning May 1, 1970.
"Please contact County Attorney Jack Greenhut by March 16, 1970, to execute the lease agreement with the county."
The March 16 date referred to in the above letter is consistent with that portion of the instructions to bidders providing that the person to whom the lease has been awarded shall execute and file with the county the lease agreement within ten (10) days from the date of the award.
On March 13, 1970, after the clerk's letter to appellant notifying him that his bid was the most favorable to the county and was therefore accepted and awarded to him, the appellee voted to rescind its action of March 6 awarding the lease to appellant and also voted to rebid the contract. This action took place three days before the date until which appellant had to execute a written lease agreement pursuant to the instructions to bidders as well as the clerk's letter of March 9. Review of the minutes of appellee's meeting of March 13 reflects that the underlying reason for rescinding the award to appellant was a change of mind by the members as to whether appellant's bid was the best bid after all, coupled with concern as to whether the provisions of the call for bids were specific enough to inform the prospective bidders how to submit their bids.
The trial court held that there was no binding contract between the parties until a written lease agreement had been executed and that the appellee was authorized to rescind its earlier award to appellant prior to the execution of lease agreement and the furnishing of the performance bond called for in the bid specifications.
Appellant contends that the lower court's ruling dismissing the complaint with prejudice is erroneous and we agree. The principle governing the question raised is correctly stated in 26 Fla.Jur., Public Works and Contracts, § 21, as follows:
"Until that time (acceptance of bid) the bidder is free to withdraw his bid. On the other hand acceptance of a bid results in a contract even though a formal contract has not been executed."
Appellee urges that the lower court's judgment is correct because the provisions of Section 125.36, Florida Statutes, F.S.A., contemplates the execution of a conveyance by the county commissioners in case of sale of realty. While the cited statute authorizes and empowers the commission to execute conveyances where land is sold pursuant to Section 125.35, Florida Statutes, F.S.A., nowhere in the wording of that or the preceding statutory section do we find language which permits the cancellation of a bid award up until the time a conveyance is executed.
In State ex rel. Wadkins v. Owens, 62 So.2d 403 (Fla. 1953), the court rejected the attempt by a board of county commissioners to defeat the rights of a successful bidder at a real estate tax sale under Section 194.55, Florida Statutes, F.S.A. So holding, the court stated, at page 404:
"They elected to sell the property and after notice was published, competitive bidding was had and the sale was consummated by the acceptance of the bid and the money in the amount of the bid. There was nothing further to be done by the respondents except to comply with the terms of the law and execute a deed to the successful bidder.
"Fair dealing is required by all parties and public officials should set the example. There is no question raised in this proceeding of any concealment, fraud, collusion or any other misconduct on the part of the appellant and the appellees should have been required to comply with the plain and unmistakable provisions of the law."
In the case at bar, appellant had until March 16, three days after the attempted cancellation, to execute the lease and furnish the required bond. To approve *761 the cancellation of an award to a successful bidder in the absence of fraud, collusion or other misconduct would tend to violate the mandate of Section 125.35, Florida Statutes, F.S.A., requiring that the award be made to the highest and best bidder complying with the terms and conditions of the call for bids.
We hold that the appellee had no authority to cancel the award of the lease to appellant in the circumstances shown in this record. However, appellant's remedy does not lie solely in the realm of mandamus and injunction. Damages for breach of contract are not foreclosed and inasmuch as appellee has rebid the lease on Johnson Beach, albeit erroneously, it would be less disruptive if appellant were permitted on remand to amend his complaint to allege a claim for such damages as he may have suffered as a result of the cancellation of the award. Housing Authority of City of Fort Pierce v. Foster, 237 So.2d 569 (Fla.App. 1970).
The judgment appealed is reversed and the cause is remanded for further proceedings in accordance with the above.
JOHNSON, C.J., and RAWLS, J., concur.