334 So.2d 349 (1976)
James C. BERRY and James Frost, D/B/a Air Terminal Parking Company of Florida, Appellants,
v.
OKALOOSA COUNTY, Appellee.
No. Z-164.
District Court of Appeal of Florida, First District.
May 28, 1976.
Rehearing Denied July 21, 1976.
Dale E. Rice, Crestview, for appellants.
John R. Dowd of Wimberly & Dowd, Fort Walton Beach, for appellee.
McCORD, Acting Chief Judge.
This is an appeal from a final order (judgment) in an action for declaratory judgment and a subsequent order denying petition for rehearing.
Okaloosa County advertised for sealed bids to construct a new airport parking facility. James C. Berry and James Frost, d/b/a Air Terminal Parking Co. of Florida, (hereinafter referred to as Air Terminal) and APCOA Division, ITT Consumer *350 Services Corp., (hereinafter referred to as APCOA) and another concern submitted sealed bids before the deadline of June 13, 1974. APCOA did not file its bid until June 26 because its invitation to bid went astray. After the APCOA bid came in and before the bids were opened and considered, Air Terminal revised its bid in certain particulars. Pursuant to notice given to all of the bidders, the bids were considered at a regular meeting of the Okaloosa County Commission on June 27, 1974. At that time, representatives of all of the bidders were present when the bids came before the commission for action. At the meeting, one of Okaloosa County's employees who had been assigned the task of evaluating the bids, advised the Commission that it appeared Air Terminal had the most favorable proposal. A motion was then passed "to award the bid" to Air Terminal. Approximately one hour later, the Board passed another motion "to rescind the motion to award the Eglin Parking Facilities Bid to Air Terminal" and passed another motion to readvertise for sealed bids. Air Terminal contended in the court below and contends here that when the motion was passed accepting its bid, a binding contract came into being which could not thereafter be rejected in the absence of a showing that Air Terminal had been guilty of concealment, fraud, collusion or other misconduct. It is not contended that any such showing was made.
The final order of the trial court recited that the action taken by Okaloosa County at its meeting on June 27, 1974, did not give rise to a contract between Okaloosa County and Air Terminal as the last action relative thereto of the governing body while in continuous session was to reject all proposals theretofore made. Subsequently, in its order denying petition for rehearing, the trial court ruled that the rescissionary action which was the last action on the bid of Air Terminal taken by the Commission at its regular meeting on June 27, 1974, was controlling since it was made at the same session without an adjournment; that the earlier motion to award the bid to Air Terminal, which motion unanimously passed on roll call vote, would have given rise to a binding contract but for the fact that at the same continuous session the later motion was made to rescind the action and to readvertise for sealed bids; that since the last action in continuous session was controlling, the earlier motion to award the bid to Air Terminal did not give rise to a contract even in the absence of a showing that Air Terminal had been guilty of concealment, fraud, collusion or any other misconduct.
In Dedmond v. Escambia County, Fla. App. (1st), 244 So.2d 758 (1971), this court considered a similar situation to that in the case sub judice. There, Dedmond, pursuant to advertisements, submitted his bid to Escambia County for a lease to operate concessions at a county beach. The Commission voted to award the lease to Dedmond, and subsequently the Clerk, by letter to Dedmond, advised that the county had accepted his bid. Thereafter, the Commission voted to rescind its action of March 6 and to rebid the contract. The trial court held that there was no binding contract between the parties until a written lease had been executed and that the county was authorized to rescind its earlier award to Dedmond prior to the execution of lease agreement and the furnishing of a performance bond called for in the bid specifications. This court reversed, stating:
"Appellant contends that the lower court's ruling dismissing the complaint with prejudice is erroneous and we agree. The principle governing the question raised is correctly stated in 26 Fla.Jur., Public Works and Contracts, § 21, as follows:
`Until that time (acceptance of bid) the bidder is free to withdraw his bid. On the other hand acceptance of a bid results in a contract even though a formal contract has not been executed.'"
The distinction between Dedmond and the case sub judice is that there, formal notification of the acceptance of the bid *351 had been given to Dedmond by the Clerk before rescission. We find from an annotation in 3 ALR3d 864-878 reference to several cases of other jurisdictions which hold that, in the absence of authorized notice of acceptance, a board has the right to rescind because no obligation is created by the acceptance of an offer until the acceptance is transmitted to the offerer. We agree with this view. Although a representative of Air Terminal was present at the Okaloosa County Commission meeting and heard the proceedings that transpired, Air Terminal was given no formal notice that its bid had been accepted. Had its representative not been present at the meeting, Air Terminal would have no basis for claiming that acceptance had been communicated to them by an authorized official. The mere fact that its representative was present at the public meeting should not operate to prevent a governmental deliberative body from further considering the matter during the course of their business meeting.
Affirmed.
SMITH, J., and FULLER, RICHARD S., Associate Judge, concur.