383 So.2d 1129 (1980)
Don SCHLOESSER et al., Appellants,
v.
David DILL, Appellee.
No. 79-1679.
District Court of Appeal of Florida, Third District.
May 20, 1980.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellants.
Lee, Schulte, Murphy & Coe and Jack M. Coe, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
*1130 HENDRY, Judge.
The Monroe County Board of Commissioners, desirous of improving the services at Key West International Airport, published in the local news gazette a solicitation for bids by any parties interested in the lease, renovation and operation of the airport cocktail lounge. From six responses to their invitation, the Board chose the proposal of David Dill, the appellee herein. He was duly notified of the Board's decision in his favor, and instructed to work out a written lease agreement with the County Attorney. However, the lease agreement so negotiated was ultimately rejected by the Board at a later meeting, and an intention was expressed by the Board to reopen bidding. Mr. Dill asserted that, even in the absence of a written lease agreement, a contract existed between the County and himself, and that their attempted recission was unlawful. The trial court, in agreement with his position, awarded specific performance of the contract. We affirm that decision.
The County's solicitation for bids was an invitation for offers, by its own terms:
Each proposal shall constitute an offer to the County as outlined therein and shall be irrevocable after the time announced for the opening thereof.
See William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (Fla. 2d DCA 1960).
The appellee's proposal to the County, incorporating by reference detailed plans and specifications of the County for improvements to be made, was an offer of sufficient definiteness to form the basis of a contract. The Board accepted the proposal, and the appellee was notified of their acceptance by authorized agents of the County.
The trial court relied in its decision upon Dedmond v. Escambia County, 244 So.2d 758 (Fla. 1st DCA 1971), which turned on facts closely resembling those at bar.
Dedmond was informed by letter that the County had awarded him a concessions lease on a county-owned beach, pursuant to the terms of his proposal, which had been solicited through the county newspaper. He was informed in their letter of acceptance that he was to contact the County Attorney with regard to execution of a written lease. Before that lease could be signed, the County Board voted to seek additional bids. The Court of Appeals, reversing the trial court's decision in favor of the County, noted that, "`acceptance of a bid results in a contract even though a formal contract has not been executed.'" Dedmond, supra, at 760 (quoting 26 Fla. Jur., Public Works and Contracts, § 21).
In Berry v. Okaloosa County, 334 So.2d 349 (Fla. 1st DCA 1976), the same court held that the County Commission's acceptance of Berry's bid did not create a binding obligation, where the decision was voted down during the same meeting, but Berry was not officially notified of the original decision. Dedmond was distinguished on the basis of the notice which Dedmond received, and which Berry did not. "[N]o obligation is created by the acceptance of an offer until the acceptance is transmitted to the offerer." Berry, supra, at 351.
This court recognized the controlling difference between Dedmond, and Berry, supra, in City of Homestead v. Raney Construction, Inc., 357 So.2d 749 (Fla. 3d DCA 1978). In that case, a written contract was entered into by the parties for the construction of a swimming pool. Subsequently, the city attempted to renege, on grounds not pertinent to our inquiry. There, we said:
[T]he clear import of the [Berry] decision was that a binding contract did come into being with the acceptance of a bid unless the action was rescinded at the same continuous meeting.
We hold that the City Code [provision at issue] did not invalidate the contract which was completed and the plaintiff notified of its acceptance. The City .. ought not be allowed to ... defeat the contract that came into being with the acceptance of plaintiff's bid.
357 So.2d at 752. See also Wood-Hopkins Contracting Company v. Roger J. Au & *1131 Son, Inc., 354 So.2d 446, 448 (Fla. 1st DCA 1978).
We find, in accordance with the decisions of our sister district, and our own controlling caselaw, that a valid and enforcible contract arose between the parties at the point of the Board's notice to Dill of its favorable decision.
We note no other basis of appeal inconsistent with our affirmance of the trial court's command that the County of Monroe specifically perform its contract with Mr. Dill.
Affirmed.