# C L SYSTEMS v. METROPOLITAN DADE COUNTY, FLORIDA, et al.

## Case No. 83-22030 (Div. 10)

Eleventh Judicial Circuit, Dade County

June 30, 1983

### APPEARANCES OF COUNSEL

**Earl D. Waldin, Jr., Smathers & Thompson,** for plaintiff.

**Deborah Bovarnick Mastin,** Assistant County Attorney, for defendant Metropolitan Dade County.

**Don A. Lynn, Shutts & Bowen,** for defendant GEAC Computers.

### OPINION OF THE COURT

LENORE C. NESBITT, Circuit Judge.

THIS CAUSE having come before the Court on the motion of plaintiff for temporary restraining order and preliminary injunction and on the motion of defendant, GEAC Computers, Inc., to strike plaintiff's motion and dismiss the complaint, and the Court having reviewed the record in this cause, heard argument of counsel on June 24, 1983 and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that the amended complaint of

plaintiff, C L Systems, Inc., for injunctive relief is hereby dismissed with leave to file an amended complaint for damages against the County defendants within twenty (20) days of the date of this order. As grounds for dismissal, the Court finds as follows:

1. As an unqualified bidder who could not obtain the contract even if GEAC is disqualified, plaintiff lacks a substantial interest in the award and thus has no standing to sue. *Preston Carroll Co. v. Florida Keys Aqueduct Authority,* 400 So.2d 524 (Fla. 3d DCA 1981).

2. The complaint for injunctive relief is moot because the County has already accepted and awarded the bid, and a binding contract has come into being. *Schloesser v. Dill,* 383 So.2d 1129 (Fla. 3d DCA 1980). One seeking injunctive relief in a bidding controversy must act before the public entity votes to accept a bid, and is limited thereafter to his remedy at law for damages. *Wood-Hopkins Contracting Co. v. Roger J. Au & Son, Inc.,* 354 So.2d 446 (Fla. 1st DCA 1978).

3. There is no irreparable injury to plaintiff, as plaintiff has an adequate remedy at law for damages. *Metcalf Co. v. Martin,* 45 So. 463 (Fla. 1907); *Dedmond v. Escambia County,* 244 So.2d 758 (Fla. 1st DCA 1971).