617 So.2d 1160 (1993)
H. GORE ENTERPRISES, INC., d/b/a Murphy's Towing, Appellant,
v.
CITY OF WEST PALM BEACH, Appellee.
No. 91-0937.
District Court of Appeal of Florida, Fourth District.
May 19, 1993.
Russell S. Bohn, Edna L. Caruso, P.A., and Jack Scarola, Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for appellant.
Elizabeth T. McBride, Asst. City Atty., West Palm Beach, for appellee.
PER CURIAM.
The primary issue before the trial court was whether the City's acceptance of appellant's bid for towing and storage services created a contract between the City and appellant. We approve the trial court's cogent reasoning in holding that it did not, and affirm.
After the city commission reviewed sealed bids for vehicle towing and related services, the mayor announced that the bid was awarded to appellant. A timely protest was lodged by a competing bidder. Following a hearing on the protest, the city commission voted to rescind the award of bid to appellant, to reject all bids and to readvertise. At that point in time a written contract had not been executed. Appellant filed suit seeking declaratory judgment, specific performance and temporary injunction on the theory a contract was created when its bid was accepted. The court entered judgment adverse to appellant on all counts.
There is, of course, ample authority for the general proposition that a sealed bid submitted in response to a solicitation for bids, when accepted, becomes a contract even though a formal contract has not been *1161 executed. See, e.g., Wood-Hopkins Contracting Co. v. Roger J. Au & Sons, 354 So.2d 446 (Fla. 1st DCA 1978); Schloesser v. Dill, 383 So.2d 1129 (Fla. 3d DCA 1980); Dedmond v. Escambia County, 244 So.2d 758 (Fla. 1st DCA 1971). But there is much more here than simply an offer and an acceptance.
Of primary significance to this case is the city's procurement code which provides for both an "award of bid" and an "award of contract". While neither term is defined, the code impliedly recognizes that the terms are not synonymous. For example, after the bids have been opened, and a bid award announced, an unsuccessful bidder may file a protest, the timely filing of which requires the award of the contract to be delayed pending resolution of such protest.[1] Further indicative of the fact that the terms "award of bid" and "award of contract" were not intended to be synonymous is the interpretation placed on them by the city manager who, prior to the bid award, informed the city commission and appellant that the award of bid was simply the selection of a vendor with whom a contract would be negotiated but if such negotiations were unsuccessful the City would thereafter negotiate with the next bidder on the recommended list.
The court made a factual finding that neither appellant nor the city intended or understood that the announcement of the bid award itself created a contract between appellant and the city. The record contains competent substantial evidence to support that finding.
Affirmed.
STONE, J., BRESCHER, GEORGE A., Associate Judge, and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTE: OWEN, WILLIAM C., Jr., Senior Judge, did not participate in oral argument but has reviewed the presentation made at that proceeding.
NOTES
[1] If, as a result of hearing on the protest, a determination is made that the bid was in violation of law the proposed award of contract is required to be cancelled.