626 So.2d 1100 (1993)
Allen D. SUGGS, Jr. and Beverly Suggs, Appellants,
v.
DEFRANCO'S, INC., Appellee.
No. 92-3009.
District Court of Appeal of Florida, First District.
November 22, 1993.
Lawrence J. Hamilton II, Susan L. Turner and William S. Graessle of Holland & Knight, Jacksonville, for appellants.
James A. Bledsoe, Jr. of Bledsoe, Schmidt, Lippes & Adams, P.A., Jacksonville, for appellee.
PER CURIAM.
Appellants (defendants in the trial court) seek review of an amended final money judgment entered against them. The judgment was entered pursuant to a provision contained in a letter which the trial court held to be a binding settlement agreement. Appellants contend that the judgment should be reversed because the letter lacks the essentials of a contract and, therefore, may not be treated as an enforceable settlement agreement. We agree.
Settlement agreements are interpreted according to the law of contracts. Robbie v. City of Miami, 469 So.2d 1384 (Fla. 1985). To be enforceable, an agreement must be sufficiently specific, and reflect assent *1101 by the parties to all essential terms. Williams v. Ingram, 605 So.2d 890 (Fla. 1st DCA 1992). Where essential terms of an agreement remain open, subject to future negotiation, there can be no enforceable contract. Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984), modified on other grounds, 468 So.2d 986 (Fla. 1985).
Our review of the letter which the trial court held to be an enforceable settlement agreement convinces us that a number of essential terms were left open for future negotiation. As in Williams, the letter here is really nothing more than an agreement in concept. 605 So.2d at 894. Accordingly, no binding settlement agreement ever came into existence. Therefore, it was error to enter final judgment pursuant to a provision contained in the letter.
The amended final judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
BARFIELD, ALLEN and WEBSTER, JJ., concur.