682 So.2d 1102 (1995)
PCA LIFE INSURANCE COMPANY, a Florida corporation, and Family Health Plan, Inc., a Florida corporation, Appellants,
v.
METROPOLITAN-DADE COUNTY, Florida and Blue Cross/Blue Shield of Florida, Inc., a Florida corporation, Appellees.
No. 94-2502.
District Court of Appeal of Florida, Third District.
February 1, 1995.
Opinion Denying Rehearing May 3, 1995.
Burton Young and Andrew S. Berman, Young, Berkman, Berman & Karpf, P.A., North Miami Beach, for appellants.
Robert A. Ginsburg, County Atty., and Robert A. Cuevas, Jr. and Cecilia M. Altonaga, Asst. County Attys., Miami, for appellee Metropolitan-Dade County.
Brian K. Goodkind, Adorno & Zeder, P.A., Miami, for appellee Blue Cross/Blue Shield of Florida, Inc.
KLEIN, LARRY A., Associate Judge.
Appellants, PCA Life Insurance Company and Family Health Plan, Inc. (PCA), appeal a non-final order denying a temporary injunction and a final order denying a petition for writ of mandamus, both of which relate to appellee, Dade County's, refusal to enter into a contract with PCA for health insurance. We affirm.
The county issued a document known as a Request for Proposal which invited insurers to make proposals to provide health insurance for the employees of the county. The request for proposal did not contain a form of *1103 contract, but rather made it clear that the county would evaluate proposals and then attempt to negotiate a contract with the top ranked proposer. It further provided that in the event the contract could not be negotiated with the top ranked proposer, the county would negotiate with the next most qualified, et cetera.
After receiving and reviewing six proposals, the county commission met to hear oral presentations and decide on the proposals. After an initial vote in which none of the six received a majority, the board held a run-off vote between the two highest vote getters, PCA and appellee, Blue Cross. PCA received six votes and Blue Cross received five. Prior to the end of the meeting, however, one of the commissioners moved to reconsider, and on reconsideration at the next meeting two days later the board voted in favor of Blue Cross.
PCA then brought this action seeking a temporary injunction to prohibit the county from entering into a contract with Blue Cross, a writ of mandamus ordering the county to enter into a contract with PCA, and specific performance of a contract between the county and PCA.
The trial court denied a temporary injunction on the ground that the plaintiff failed to demonstrate a substantial likelihood of success on the merits, one of the elements necessary for the issuance of a preliminary injunction. Thompson v. Planning Comm'n, 464 So.2d 1231 (Fla. 1st DCA 1985).
A similar factual situation was presented in H. Gore Enterprises v. City of West Palm Beach, 617 So.2d 1160 (Fla. 4th DCA 1993), in which the city, after voting in favor of one bidder for vehicle towing, rescinded the award and re-advertised. The court denied injunctive relief to the party making the successful bid, and this court affirmed, because under the documents involved no contract was created by the award of the bid. Rather, the bidder who was selected at that point was one with whom the city would then attempt to negotiate a contract. And, as in this case, if negotiations were unsuccessful with the top bidder, the city would then negotiate with the next bidder.
Similarly, in the present case, PCA did not become a party to a contract as a result of its initial selection as one with whom the county would attempt to negotiate a contract. We are thus no more persuaded than the trial court was that there is a substantial likelihood that PCA will succeed on the merits. PCA has failed to demonstrate the "clear abuse of discretion" necessary to overturn the denial of a preliminary injunction. Reinhold Constr. v. City Council for City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983).
Based on the same facts underlying its claim for preliminary injunction, PCA also sought a writ of mandamus to compel the county to execute a contract. Mandamus is not available to compel an act which involves the "exercise of discretion or judgment." State of Florida ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA), cert. denied, 320 So.2d 389 (1975). Because the selection of PCA was not the award of a contract, but rather the selection of a party with whom the county would negotiate, PCA would not be entitled to a writ of mandamus.
Affirmed.
HERSEY, GEORGE W. and STONE, BARRY J., Associate Judges, concur.

ON MOTION FOR REHEARING
Appellants argue that our opinion is in conflict with Schloesser v. Dill, 383 So.2d 1129 (Fla. 3d DCA 1980). In that case, Monroe County solicited bids for the leasing, renovation, and operation of a lounge in an airport. The board of commissioners selected the proposal of David Dill, and instructed him to "work out" the written lease with the county attorney. The negotiated lease was rejected by the board, which indicated that it would reopen the bidding. Dill sued and obtained specific performance, which this court affirmed.
Dill is distinguishable from the present case because there, notwithstanding that the lease still had to be worked out after the award to the successful party, the county's solicitation for bids provided:

*1104 Each proposal shall constitute an offer to the County as outlined therein and shall be irrevocable after the time announced for the opening thereof.
Id. at 1130. This court pointed out that Dill's proposal to the county was an offer of "sufficient definiteness to form the basis of a contract" and that when the board accepted it, a valid contract arose between the parties. In contrast, in the present case, the request for proposal issued by the county provided:
The County reserves the right to enter into contract negotiations with the selected proposer.... If the County and the selected proposer cannot negotiate a successful contract the County may terminate such negotiations and begin negotiations with the next selected proposer.... No proposer shall have any rights against the County arising from such negotiations.
We conclude that there is no conflict, and the motion for rehearing is therefore denied.
HERSEY, GEORGE W. and STONE, BARRY J., Associate Judges, concur.