BENTON, Judge.
Gulf Real Properties, Inc. (Gulf) asks us to overturn a final order entered by the former Department of Health and Rehabilitative Services (HRS) which had the effect of rejecting all bids HRS received in response to an invitation to bid. We affirm.
HRS needed space to house a clinic run by Children’s Medical Services, then an HRS program. In response to an invitation for bids to furnish a “turnkey” facility in Bro-ward County that HRS could lease with an option to purchase, Gulf submitted one and ANF Real Estate Group, Inc.(ANF) submitted two bids. The invitation to bid stated: “The department reserves the right to reject any and all bids when such rejection is in the interest of the State of Florida.” (Underlined in the original.)
On June 24, 1994, HRS notified both Gulf and ANF that “authorization ha[d] been granted to award subject lease to” Gulf. Treating this letter as notice of the agency’s intended decision, ANF filed first a timely notice of protest, then a timely formal written protest, alleging that Gulfs bid was not responsive. While the protest was pending, agency personnel reconsidered the merits of locating the clinic on the campus of Broward General Hospital, particularly in light of section 255.25(4)(b), Florida Statutes (1995), which provides: “State agencies shall cooperate with local governmental units by using suitable, existing publicly owned facili-ties_” The North Broward Hospital District, which owns and operates Broward General Hospital, is a local governmental unit.
On August 26, 1994, ANF filed a notice of withdrawal of formal written protest which requested “[t]hat this proceeding be closed.” On August 31, 1994, HRS wrote Gulf “the Agency is exercising its right to reject all bids ... [because] suitable space has been made available by governmental entities with which HRS is obligated by statute to cooperate.” The letter also advised Gulf that it could request an administrative hearing.
Gulf did request a hearing, and the matter was referred to the Division of Administrative Hearings. On the basis of an administrative rule promulgated by the Department of Management Services (and since amended), the recommended order concluded that “District X had no authority to award a lease to Gulf when it advised Gulf of its intent to award,” and recommended — on that and other grounds — entry of an order “dismissing Gulfs bid protest” and rejecting all bids. HRS’s final order, which we now review, overruled exceptions taken by Gulf, and followed the recommendation to dismiss Gulfs “bid protest” or petition for administrative hearing.
Acceptance of a bid solicited under the Administrative Procedure Act differs from acceptance by local governmental bodies. Gulfs reliance on cases like City of Homestead v. Raney Construction, Inc., 357 So.2d 749 (Fla. 3d DCA 1978), Berry v. Okaloosa County, 334 So.2d 349 (Fla. 1st DCA 1976), and Dedmond v. Escambia County, 244 So.2d 758 (Fla. 1st DCA 1971) is therefore misplaced. The invitation to bid provided that “S120.53(5), Florida Statutes” would govern protest procedures. Like section 120.57(3), Florida Statutes (Supp.1996), which has now replaced it, section 120.53(5)(c), Florida Statutes (1995), provided:
Upon receipt of the formal written protest which has been timely filed the agency shall stop the bid solicitation process or the contract award process until the subject of the protest is resolved by final agency action, unless the agency head sets forth in writing particular facts and circumstances which require the continuance of the bid solicitation process or the con *1338 tract award process without delay in order to avoid an immediate and serious danger to the public health, safety, or welfare.
§ 120.53(5)(c), Fla. Stat. (1995)(emphasis supplied). Once ANF filed its formal protest, the bid solicitation and contract award process stopped. Cianbro Corp. v. Jacksonville Transp. Auth., 473 So.2d 209 (Fla. 1st DCA 1985). Even though ANF subsequently withdrew its protest, the requisite final agency action only occurred when HRS entered the final order, in the wake of the formal administrative hearing Gulf requested. No contract between HRS and Gulf ever came into existence.
Our decision does not turn on a construction of the administrative rule the Department of Management Services has now amended. We affirm because an agency’s rejection of all bids must stand, absent a showing that the “purpose or effect of the rejection is to defeat the object and integrity of competitive bidding.” Department of Transp. v. Groves-Watkins Constructors, 530 So.2d 912, 913 (Fla.1988). A disappointed bidder seeking to overturn an agency’s decision to reject all bids must show that “the agency acted fraudulently, arbitrarily, illegally, or dishonestly.” Id. at 914. Appellant did not meet this burden here.
Affirmed.
ERVIN and KAHN, JJ„ concur.