765 So.2d 728 (2000)
STATE of Florida, DEPARTMENT OF CORRECTIONS, Appellant,
v.
C & W FOOD SERVICE, INC., a Florida Corporation, Appellee.
No. 1D99-2245.
District Court of Appeal of Florida, First District.
May 10, 2000.
Rehearing Denied August 9, 2000.
*729 Robert A. Butterworth, Attorney General and Jason Vail, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
John R. Beranek, Robert N. Clarke, Jr., and Craig D. Varn of Ausley & McMullen, Tallahassee, for Appellee.
PADOVANO, J.
This is an appeal from a final summary judgment for the plaintiff in an action for breach of contract. The issue we must resolve is whether the defendant had an obligation to renew the contract after the first year. We conclude that although renewal of the contract was authorized, it was not required as a matter of right. Therefore, we reverse.
The plaintiff, C & W Food Service, Inc., was the successful bidder on a contract to provide food storage and delivery service to the Department of Corrections. At the conclusion of the bidding process, the parties signed a contract that was to begin on June 1, 1995, and end on May 30, 1996. Although the contract was for one year, it included a renewal clause for two additional one-year periods. According to this clause, renewal of the contract was to be based on mutual agreement, subject to satisfactory performance and the availability of funds.
The Department unilaterally decided not to renew the contract for a second year. C & W then filed a complaint for damages. In a subsequent motion for summary judgment, the company asserted that the Department had breached its duty to negotiate renewal in good faith. This argument was based on the Department's contracting manual, which incorporates a directive that the renewal clause of a procurement contract must include a provision for good faith negotiations. C & W argued that the contracting manual was the equivalent of a rule and that it was therefore binding on the Department. The trial court granted the motion and rendered a final summary judgment awarding C & W damages for the loss of profits in the second and third years of the renewal period. The Department then filed this appeal.
Whether the Department's contracting manual is the equivalent of a rule is, in our view, immaterial. Even if the contract could be construed to incorporate the good faith negotiation requirement from the manual, C & W would be without a remedy. The obligation to negotiate renewal in good faith is, at most, an agreement to agree on something in the future. Because the parties have not yet agreed on the essential terms for the period in which the contract could be renewed, they do not have an enforceable contract for that period. An agreement to negotiate the terms of a renewal does not create a contractual right to renew. See Yan's Video, Inc. v. *730 Hong Kong TV Video Programs, Inc., 133 A.D.2d 575, 520 N.Y.S.2d 143 (1987); see generally, Mann v. Thompson, 100 So.2d 634 (Fla. 1st DCA 1958). The court could not afford a remedy for the breach of a promise to negotiate a contract, because there would be no way to determine whether the parties would have reached an agreement had they negotiated.
The outcome of this case does not turn on a duty to negotiate, but rather on the proper application of section 287.058, Florida Statutes, which governs state procurement contracts. This statute provides that every state contract that is subject to the competitive bidding process must include certain provisions. Among other things, the statute establishes the conditions for renewal of a state procurement contract. These conditions are set out in subsection (1)(f), which states:
(1) Every procurement of contractual services ... shall be evidenced by a written agreement embodying all provisions and conditions of the procurement of such services, which provisions and conditions shall, where applicable, include, but shall not be limited to:
* * *
(f) A provision specifying that the contract may be renewed on a yearly basis for a period of up to 2 years after the initial contract or for a period no longer than the term of the original contract, whichever period is longer, specifying the terms under which the cost may change as determined in the invitation to bid or request for proposals, and specifying that renewals shall be contingent upon satisfactory performance evaluations by the agency and subject to the availability of funds.
§ 287.058(1)(f), Florida Statutes.
The Florida courts are obligated to give effect to the plain language of a statute and may resort to extrinsic aides to statutory construction only if a statute is ambiguous. See Holly v. Auld, 450 So.2d 217 (Fla.1984); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997). We have no reason to resort to extrinsic aids to construe section 287.058(1)(f), because the intent is clear from the wording of the statute itself. In essence, the statute provides that a renewal clause in a state procurement contract must specify that the contract "may be renewed" for a limited time on certain conditions. See § 287.058(1)(f), Fla. Stat.
Section 287.058(1)(f) authorizes the parties to renew a state procurement contract in subsequent years, but it does not create a right to renewal. The purpose of the statute is to exempt the parties from the competitive bidding process for a limited time if they are mutually satisfied with the agreement. If the contract contains a provision "specifying the terms under which the cost may change" in subsequent years, the parties may elect to renew their agreement with each other on those terms, without going through the bidding process in the renewal period. While the statute relieves vendors of the task of submitting a new bid every year, it does not guarantee any vendor the right to continue to do business with the state beyond the original term of the contract.
The language of the renewal clause in the contract at issue here is essentially the same as the language of the statute. As the renewal clause provides:
This Contract may be renewed for two additional one-year periods after the initial Contract period, upon the same terms and conditions contained herein. Renewal will be based on mutual agreement, conditioned at a minimum, on satisfactory performance evaluations by the Department and subject to the availability of funds and shall be exercised no later than thirty (30) days prior to Contract expiration.
The statement that renewal "will be based on mutual agreement" merely incorporates the statutory principle that renewal is authorized, but not required.
*731 For these reasons, we conclude that the contract was not renewable as a matter of right. Consequently, we must reverse the final summary judgment to the extent that it awards damages to C & W for lost profits in the second and third years of the renewal period.
Reversed.
BARFIELD, C.J., and VAN NORTWICK, J., CONCUR.