IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THE CITY OF COCOA,

     Appellant,

 v.

     Case No.  5D21-2208
     LT Case No. 2021-CA-2189

THE VILLAS OF COCOA VILLAGE, LLC,
A FLORIDA LIMITED LIABILITY COMPANY,

     Appellee.

_____/

Opinion filed April 14, 2022

Nonfinal Appeal from the Circuit Court
for Brevard County,
David Dugan, Judge.

Erin J. O'Leary, Anthony A. Garganese,
Debra S. Babb-Nutcher, and Kristin N.
Eick, of Garganese, Weiss, D'Agresta &
Salzman, P.A., Orlando, for Appellant.

Michael L. Dear, of The Law Office of
Michael L. Dear, PLLC, Orlando, for
Appellee.

TRAVER, J.

The City of Cocoa ("the City") appeals the trial court's entry of a temporary injunction in favor of The Villas of Cocoa Village, LLC ("the Villas"). We have jurisdiction over this nonfinal order. *See* Fla. R. App. P. 9.130(a)(3)(B). On this record, the trial court erred by concluding the City's request for proposal ("the RFP") constituted a binding contract that precluded the City from terminating negotiations after almost three years and canceling the RFP. We therefore reverse.

In 2018, the City and Cocoa Community Redevelopment Agency ("CRA") issued the RFP, which invited any interested parties to submit a proposal to develop real estate the City had acquired. The RFP explained that the winning proposer would be "required to entered [sic] into a binding development agreement with the City and/or the CRA which will set forth the agreed upon terms and conditions of the selected development proposal including a development schedule under which the project will be completed." In addition to lacking a project completion date, the RFP omitted the winning proposer's fee and the project's overall cost. The RFP further contemplated that the winning proposer would negotiate and approve the development agreement containing these and other details, but that the Cocoa City Council would have separate, sole, and final discretionary

2

approval authority. The RFP also stated that the City could, at its sole discretion, with or without notice, cease negotiations with any proposer at any time. Finally, the RFP stated that the City could cancel, modify, waive, or withdraw it at any time and negotiate with any other proposers to obtain the most beneficial terms.

The City received two proposals, and it selected the Villas as the winner of the RFP despite concerns that the Villas had not met all of the RFP's stated requirements. Nearly three years of negotiations ensued, during which the parties exchanged draft development agreements but never executed a final contract. At that time, the City's Manager concluded that, "[n]othing had been presented that was acceptable to the staff or the City Manager." The City's Mayor moved to terminate negotiations with the Villas and issue a new RFP. And the Cocoa City Council voted unanimously to terminate negotiations. The City then issued a termination letter to the Villas, citing the RFP's language that allowed ending negotiations at any time.

In response, the Villas filed a lawsuit for promissory estoppel and injunctive relief. After an evidentiary hearing, the trial court entered a temporary injunction. Despite the Villas' concession that it had no basis to advance a breach of contract claim, the trial court concluded that when the City determined the Villas had the winning proposal, the RFP became a

3

binding contract. The temporary injunction precluded the City from terminating negotiations with the Villas and required the parties to negotiate a development agreement in good faith. It prohibited the City from issuing a new request for proposal or awarding a bid to anyone other than the Villas for purchase or construction of the subject property.

This Court's standard of review of a trial court order granting a temporary injunction is "hybrid." *See Gainesville Woman Care, LLC v. State*, 210 So. 3d 1243, 1358 (Fla. 2017) (citations omitted). The trial court's factual findings are reviewed for abuse of discretion, and its legal conclusions are reviewed de novo. *Id.*; *Avalon Legal Info. Servs., Inc. v. Keating*, 110 So. 3d 75, 80 (Fla. 5th DCA 2013). We reverse because the RFP was not a binding contract, and the Villas did not prove a basis for injunctive relief.

To constitute a contract, an agreement "is subject to the basic requirements of contract law such as offer, acceptance, consideration, and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). Municipalities may elect to initiate service contracts by request for proposal. 24 Fla. Prac., *Fla. Municipal Law & Prac.* § 11:2 (2021 ed.). A request for proposal is used, for example, when the municipality is unable to define the scope of work required completely, or when responses may require subsequent negotiation. *Emerald Corr. Mgmt.*

4

*v. Bay Cnty. Bd. of Cnty. Comm'rs*, 955 So. 2d 647, 651 (Fla. 1st DCA 2007) (citing *Sys. Dev. Corp. v. Dep't of HRS*, 423 So. 2d 433, 434 (Fla. 1st DCA 1982)). As a result, a contract is not typically formed until after the negotiation process. *Id.*; *see H. Gore Enters., v. City of W. Palm Beach*, 617 So. 2d 1160, 1161 (Fla. 4th DCA 1993) (holding that no binding contract was formed on first commission vote because award of proposal was simply selection of vendor to negotiate contract with).

Here, the RFP expressly stated that the City and the winning proposer would negotiate before forming any contract, and that the Cocoa City Council would then have to approve the contract. As the Villas conceded below, there is no contractual remedy that arises from this situation. *See State, Dep't of Corr. v. C & W Food Serv., Inc.*, 765 So. 2d 728, 729–30 (Fla. 1st DCA 2000) (holding there is no "remedy for the breach of a promise to negotiate a contract, because there would be no way to determine whether the parties would have reached an agreement had they negotiated"). The RFP contains no language guaranteeing the Villas a successful negotiation. At best, it merely constitutes an unenforceable agreement to agree.

Here, the parties failed to reach agreement after nearly three years of trying, and thus, the Villas had no contract to enforce. Without a contractual remedy, the Villas had no likelihood of success on the merits of its underlying

5

claim, a required element for the imposition of an injunction. *See PCA Life Ins. v. Metro.-Dade Cnty.*, 682 So. 2d 1102, 1103 (Fla. 3d DCA 1995). For these reasons, we reverse.

REVERSED.

EVANDER and NARDELLA, JJ., concur.