[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13742

Non-Argument Calendar

————————————————

FI REAL ESTATE FUND TWO LP,

Plaintiff-Appellant,

*versus*

DONDA, LLC,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80684-AMC

————————————————

2                          Opinion of the Court                        23-13742

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

FI Real Estate Fund Two LP ("FI Real Estate") appeals the district court's order dismissing its suit against Donda, LLC ("Donda"), for failure to state a claim, Fed. R. Civ. P. 12(b)(6). After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In February 2023, FI Real Estate sought to buy a property Donda owned located in Oak Ridge, Tennessee. After some initial negotiations, the parties entered into a letter of intent ("LOI") on March 3, 2023, regarding a potential sale.

By its terms, the LOI "outline[d] the major terms and conditions in which [FI Real Estate] would enter in to a Purchase and Sale Agreement" for the property. The LOI identified the property, listed a proposed price ($4,200,000.00), and explained that a deposit was to be made "upon execution of a Purchase and Sale Agreement." The LOI also highlighted some terms which were contingent or upon which the parties had not yet agreed. For instance, the LOI stated that title and escrow services would be provided by a "Title Insurance Company to be agreed upon between buyer and seller," and that FI Real Estate would have 30 days to investigate the property after receiving "due diligence items from the Seller."

At the end of the document, the LOI stated:

If [Donda is] willing to proceed in good faith to attempt to negotiate a mutually acceptable Purchase

> Contract, please so indicate by signing the acceptance block set forth below and return it to the undersigned. Execution of this otherwise non-binding letter of intent shall obligate us only to attempt to negotiate terms for a Purchase Contract mutually satisfactory to both parties and their respective counsel. It is hereby agreed that if both parties have not agreed upon the form and content of a mutually satisfactory Purchase Contract within fifteen (15) days, neither party shall be under any further obligation to negotiate with the other. During this period, however, [Donda] shall negotiate exclusively with [FI Real Estate] and not with any other potential purchasers and shall treat this letter of intent and all subsequent negotiations and the transactions anticipated thereby in a strictly confidential manner.

After FI Real Estate prepared the LOI, it sent the document to Donda, whose agent signed it. On March 16, however, Donda's agent informed FI Real Estate that the seller had "got wishy washy again, and w[ould] not be selling." The next day, FI Real Estate informed Donda that it viewed its behavior as a breach of the LOI, and this suit followed.

In its first amended complaint, FI Real Estate brought five counts against Donda. First, it alleged that the LOI constituted a valid, enforceable, and binding contract, and sought a court order requiring Donda "to honor and perform its obligations" under the LOI ("Count I"). Second, it requested a declaratory judgment that Donda was "obliged to negotiate and execute" a purchase and sale

agreement with it under the LOI ("Count II"). Third, it sued Donda for breach of the parties' contract ("Count III"). Fourth, it alleged that Donda had breached an implied duty of good faith and fair dealing ("Count IV"). Fifth, FI Real Estate sued Donda for unjust enrichment ("Count V"), alleging that Donda had wrongfully received and retained the benefit of its "ownership and increased revenue, profits, business value and equity value in the Property that rightfully belong[ed] to" FI Real Estate.[1]

Donda moved to dismiss. It argued—as it argues on appeal—that there was no enforceable contract between the parties because the LOI was "a non-binding letter of intent." Donda also contended that FI Real Estate's unjust enrichment claim failed because FI Real Estate had not conferred any benefit on Donda, an element of the claim.

After full briefing, a magistrate judge prepared a report and recommendation ("R&R") recommending the district court grant Donda's motion. The magistrate judge agreed with Donda that the LOI did not constitute an enforceable contract because Florida law requires "agreement on the essential terms of the transaction" for a contract to be enforceable. The magistrate judge explained that this Court's unpublished decision in *Aldora Aluminum & Glass*

---

[1] The magistrate judge and district court concluded that Florida law applied to this dispute. On appeal, FI Real Estate does not argue that this conclusion was erroneous and, in addition, conceded below that there were not any relevant differences between Florida and Tennessee law. We agree with the magistrate judge and district court and apply Florida law in this decision.

*Products, Inc. v. Poma Glass & Specialty Windows, Inc.*, 683 F. App'x 764 (11th Cir. 2017) (unpublished), was "instructive" on this point because there the parties executed an agreement to reach "acceptable agreements" about important terms which never were reached. The R&R highlighted that the LOI, similarly, "only" bound the parties "to attempt to negotiate terms for a Purchase Contract" that would be "mutually satisfactory." Accordingly, it recommended that FI Real Estate's breach of contract claim (Count III) be dismissed because there was no enforceable contract between the parties.

The magistrate judge also rejected FI Real Estate's other claims—reasoning that Counts I, II, and IV were each premised on the existence of a valid contract. The R&R then concluded that the unjust enrichment claim, Count V, failed because FI Real Estate had not conferred any benefit on Donda.

FI Real Estate objected to the R&R's conclusions, raising many of the same arguments it now presses on appeal. Specifically, it argued that the LOI was an enforceable agreement that created a contractual obligation to negotiate in good faith, which Donda breached. It asserted that the magistrate judge had erred in relying on *Aldora Aluminum* which, in its view, was inapposite and inapplicable. Based on its contentions that the LOI constituted a valid contract, FI Real Estate argued that Counts I, II, III, and IV should be allowed to proceed. FI Real Estate also asserted that Count V, its unjust enrichment claim, should not be dismissed because its complaint had sufficiently "alleged [that] Donda knowingly and

wrongfully obtained, accepted, received and retained, and has used, and will continue to use, to its economic benefit, the ownership and increased revenue, profits, business value and equity value in the Property that rightfully belong to" FI Real Estate. It thus urged the district court to reject the R&R in its entirety and deny Donda's motion to dismiss.

In October 2023, the district court overruled FI Real Estate's objections, accepted the R&R, and granted Donda's motion to dismiss. It agreed with the R&R that, while the LOI was an agreement to exclusively negotiate in good faith for 15 days, it "did not by itself give rise to any enforceable rights or duties." It concluded that letters of intent are not "categorically unenforceable in Florida" but are unenforceable where, as here, "the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken . . . ." The court therefore agreed with the R&R that the LOI was an unenforceable "agreement to agree" with indefinite terms that did not represent a "meeting of the minds" on many essential terms. It explained that the terms were so uncertain that there was no basis for deciding whether the agreement was kept or broken. On this basis, it dismissed Count III.

The district court also agreed with the R&R that the remaining counts were due to be dismissed. First, it explained that a breach of implied duty of good faith and fair dealing claim—Count IV—"presumes the existence of an enforceable contract" which was not present here. Second, it agreed that Counts I and II

were due to be dismissed for the reasons the R&R had explained and that FI Real Estate's "conclusory objections" did not "change th[at] analysis." Finally, it found that FI Real Estate's claim for unjust enrichment "presumes that [FI Real Estate] eventually would have purchased the property from" Donda, which was "far from certain" based on the complaint. Moreover, because the allegations of the complaint showed that there was no "concrete benefit conferred" by FI Real Estate on Donda, the court found that Count V failed as well.

FI Real Estate timely appealed.

## II. STANDARD OF REVIEW

We review the dismissal of a complaint for failure to state a claim *de novo*, "accepting the factual allegations in the complaint as true, and construing them in the light most favorable to the plaintiff." *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1363 (11th Cir. 2024) (alterations adopted) (quoting *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019) (*en banc*)). "Plaintiffs must plead all facts establishing an entitlement to relief with more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213, 1217 (11th Cir. 2023) (quoting *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012)). In other words, a "complaint must contain enough facts to make a claim for relief plausible on its face; a party must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Resnick*, 693 F.3d at 1324-25).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1217-18 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In undertaking this review, we need not accept legal conclusions in a complaint, "even when they are 'couched as factual allegations.'"  *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (alterations adopted) (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

On appeal, FI Real Estate argues that the district court erred in determining that the LOI was not a binding contract.[2]  It contends that the LOI was a contract that obliged Donda to negotiate in good faith and that "many jurisdictions" recognize a breach of contract even when the only duty broken is a duty to negotiate in good faith.  FI Real Estate urges this court to apply the principles in these jurisdictions and to find that the parties entered into an express agreement to negotiate in good faith and Donda failed to follow through on that agreement.  It concedes that the LOI "may not have bound the parties to the ultimate contractual goal" but asserts that it did bind Donda to negotiate in good faith.  It also reiterates

---

[2] FI Real Estate alternatively asks us to certify the question of the enforceability of the LOI to the Florida Supreme Court.  We deny that request.  Of course, that court is "the final arbiter[] of state law" applicable to this case and nothing we say controls what they might say if presented with this case.  *See Lefrere v. Quezada*, 582 F.3d 1260, 1262 (11th Cir. 2009).  We need not certify any question here because we find the Florida caselaw sufficiently clear to resolve this dispute.

its argument that the district court and magistrate judge erred in applying *Aldora Aluminum* because the agreement in that case did not obligate the parties to negotiate in good faith, as was the case here.

FI Real Estate also argues the district court erred in dismissing the remainder of its claims. First, it asserts that the district court erroneously dismissed its breach of implied duty of good faith and fair dealing, specific performance, and declaratory judgment claims based on the determination that there is no enforceable contract. Because, it alleges, the complaint alleged an enforceable contract, these rulings were erroneous. Finally, FI Real Estate argues that the district court erred in dismissing its claim for unjust enrichment because it had "confer[red] benefits on Donda" including "the ownership and increased expectancy revenue, profits, business value and equity value in the Property that rightfully belong[ed] to [FI Real Estate], but which Donda ha[d] wrongfully retained by virtue of its conduct." It argues that, if not for Donda's bad faith, the parties would have finalized a contract to proceed with the sale, and it contends that the district court erred in reaching a contrary conclusion. It contends that the allegations in its complaint—accepted as true—show that the parties would have reached a final purchase and sale contract.

Donda, on the other hand, argues the district court correctly dismissed FI Real Estate's suit. First, it maintains that a mere "agreement to agree" is unenforceable under Florida law and that is all the LOI here constituted. It argues the LOI did not give rise

to any enforceable rights and duties because it was non-binding and did not represent a meeting of the minds as to all essential terms. It also contends that FI Real Estate's arguments rely heavily on inapposite law from other jurisdictions rather than relevant Florida and Eleventh Circuit law. It also argues that FI Real Estate's other claims were properly dismissed. It argues that the claims for breach of implied duty of good faith and fair dealing, specific performance, and declaratory judgment all failed because there was no valid enforceable contract. It also contends that FI Real Estate's claim for unjust enrichment was properly dismissed because FI Real Estate did not confer a benefit on Donda. It asserts that the complaint only established that Donda "retain[ed] the benefits of ownership of its own property—that is, the status quo" which is not plausibly a benefit for the purposes of an unjust enrichment claim. It argues that the district court correctly disregarded FI Real Estate's "speculative and conclusory allegations" that it would have purchased the property from Donda at the price proposed in the LOI.

Under Florida law, an enforceable contract requires that all essential terms are sufficiently defined. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("To prove the existence of a contract [under Florida law], a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) *sufficient specification of the essential terms.*" (emphasis added) (citing *St. Joe Corp v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). "Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them." *Dozier v. Scruggs*, 380 So. 3d

505, 509 (Fla. 5th DCA 2024) (quoting *De Cespedes v. Bolanos*, 711 So. 2d 216, 217-18 (Fla. 3d DCA 1998)). "What constitutes an 'essential term' in an agreement may vary depending upon the nature of the contemplated transaction or agreement and is evaluated on a case-by-case basis." *Id.*

Based on these principles, Florida courts have rejected agreements to keep negotiating in the future as unenforceable. *See, e.g.*, *Dep't of Corr. v. C & W Food Serv. Inc.*, 765 So. 2d 728, 729-30 (Fla. 1st DCA 2000) ("The obligation to negotiate renewal in good faith is, at most, an agreement to agree on something in the future. Because the parties have not yet agreed on the essential terms for the period in which the contract could be renewed, they do not have an enforceable contract for that period. . . . The court could not afford a remedy for the breach of a promise to negotiate a contract, because there would be no way to determine whether the parties would have reached an agreement had they negotiated."); *Suggs v. Defranco's Inc.*, 626 So. 2d 1100, 1101 (Fla. 1st DCA 1993) ("Where essential terms of an agreement remain open, subject to future negotiation, there can be no enforceable contract."); *Allen v. Berry*, 765 So. 2d 121, 122 (Fla. 5th DCA 2000) ("Where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds.").

Upon review of the record and the LOI, we agree with the district court and magistrate judge that the LOI is not an enforceable contract under Florida law. The LOI represents only proposed "major terms and conditions" of a future contract, and, on its

terms, only required the parties to proceed with good-faith negotiations for 15 days going forward. The LOI states that "[e]xecution of this otherwise non-binding letter of intent [would] obligate [the parties] *only* to attempt to negotiate terms" that would be part of a final contract. (emphasis added). Accordingly, none of the proposed terms were binding on either party, and the only agreement in the LOI was to reach an acceptable agreement in the future. Thus, the "essential terms" of the agreement were not "sufficient[ly] specifi[ed]" in the LOI, *Dozier*, 380 So. 3d at 509, and the LOI is unenforceable under Florida law, *see Vega*, 564 F.3d at 1272; *C&W Food Serv.*, 765 So. 2d at 729-30; *Suggs*, 626 So. 2d at 1101; *Allen*, 765 So. 2d at 122.

While FI Real Estate points to cases from several other jurisdictions, we need not discuss or distinguish those cases because, as we noted above, Florida law applies to this dispute and the caselaw of other jurisdictions does not show what Florida courts would do when faced with this circumstance. On the contrary, to prevail here, FI Real Estate would have had to: (i) provide Florida caselaw showing the LOI is enforceable; or (ii) argue that the law of another jurisdiction applies. FI Real Estate has not made either of these showings. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that a party abandons an issue by not raising it on appeal); *Murphy v. St. Paul Fire & Marine Ins. Co.*,

23-13742                Opinion of the Court                13

314 F.2d 30, 31 (5th Cir. 1963) ("It is elementary that the burden is on the appellants to show error.").[3]

While FI Real Estate argues the district court and Magistrate Judge erred in relying on our unpublished decision in *Aldora Aluminum*, this was not error. Although our unpublished decisions are not binding authority, *see* 11th Cir. R. 36-2, the district court and magistrate judge found the case persuasive based on its factual similarities, *see Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions . . . are persuasive only insofar as their legal analysis warrants."). *Aldora Aluminum*, like this case, involved a dispute over an agreement that provided that the parties would come to "acceptable agreements" on some essential items before the transaction would be finalized. *See* 683 F. App'x at 768-69. Given the factual similarities between that agreement and this one, the district court and magistrate judge did not reversibly err by looking to *Aldora Aluminum*—which cites and applies Florida law—rather than the cases FI Real Estate cites from other jurisdictions, which provide little insight on whether Florida law would hold the LOI enforceable. In any event, Florida law is clear notwithstanding our unpublished caselaw. Thus, we agree that the LOI is not an enforceable contract and affirm the district court's dismissal of Count III.

---

[3] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

FI Real Estate's remaining claims fare no better.  FI Real Estate's claims for breach of the implied warranty of good faith and fair dealing, for specific performance, and for a declaratory judgment—Counts I, II, and IV—all hinge on its contention that there was an enforceable agreement.  Given that there was not, these claims were properly dismissed as well.

FI Real Estate's claim for unjust enrichment, Count V, was also properly dismissed because the complaint did not plausibly allege that FI Real Estate conferred a benefit on Donda.  "Florida recognizes that claims for unjust enrichment may be appropriate when no contract exists, but the defendant nonetheless received something of value from the plaintiff."  *Dixon v. Univ. of Mia.*, 75 F.4th 1204, 1210 (11th Cir. 2023).  There are three elements to an unjust enrichment claim under Florida law: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff."  *Id.* (quoting *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. 3d DCA 2022)); *see also Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994) (same).  "Additionally, 'to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant.'"  *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)).  Here, the only benefit that FI Real Estate has alleged that it conferred on Donda is Donda's own continued possession of Donda's own

property. However, FI Real Estate has not conferred a benefit, let alone "*directly* confer[red] a benefit," on Donda by not buying the property. *Id.* (emphasis added). Instead, the parties remain in their same respective positions as before the failed negotiations. Accordingly, the district court did not err in dismissing this claim as well.[4]

## IV. CONCLUSION

For the reasons stated above, we affirm the district court's judgment.

**AFFIRMED.**

---

[4] FI Real Estate also argues that the district court erred in failing to credit its allegations, in its complaint, that the parties would have reached a contract if they had continued negotiating. This was not erroneous, however. The district court was required to take the complaint's factual allegations as true but was not required to accept the complaint's legal conclusions and factual speculations. *See Wainberg*, 93 F.4th at 1224; *C & W Food Serv. Inc.*, 765 So. 2d at 729-30; *Auto. Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 729 (11th Cir. 2020) ("[W]e are not permitted to engage in speculation, even at the pleading stage."); *cf. also Doe v. Samford Univ.*, 29 F.4th 675, 693-94 (11th Cir. 2022) (Jordan, J., concurring) ("[P]lausibility means something more than possibility or speculation[,] but something less than probability . . . .").