633 So.2d 26 (1994)
Andrew L. STEMPEL, Appellant,
v.
Sharon W. STEMPEL, Appellee.
No. 92-3054.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
Rehearing, Certification and Rehearing Denied March 10, 1994.
Andrew L. Stempel, pro se appellant.
Mark J. Wolfson of Foley & Lardner, Tampa, for appellee.
Rehearing, Certification and Rehearing En Banc Denied March 10, 1994.
PER CURIAM.
We review a final judgment of dissolution based upon what the wife claimed was an agreement made in mediation. The husband claimed that the agreement at mediation was to be reduced to a more formal agreement which the parties were unable to accomplish. We affirm.
The agreement reached at mediation can be termed the "barest" of bare bones agreements. The wife's attorney used initials to designate most provisions, such as "SPR" for shared parental responsibility, "CS" for child support and the like. It appears that the "bare bones" terms were agreed to, and the final judgment places those terms in complete sentences. The final judgment necessarily contains language that is not in the mediation agreement, but the additional terms are either terms whose insertion was purely ministerial (such as the precise wording of the mutual restraining order) or terms on which the trial court may exercise its discretion regardless of the agreement of the parties (such as payment of *27 child support through the court registry). The trial court found that a full settlement had been reached and rejected the husband's contention that his assent at mediation was merely conditional.
The husband does not raise a meritorious challenge to any specific term in the final judgment. He argues that it does not specify the duration of the child support and life insurance obligations, but Florida law supplies the minimum duration absent agreement by the parties to extend the obligations for a longer period. The husband also objects to the lack of a release provision, but this does not render the parties' agreement unenforceable.
In sum, there is no reversible error in the trial court's determination that the mediation agreement should be enforced. The trial court acted within its discretion in incorporating into its final judgment the terms upon which the parties had agreed. While the husband apparently claims other terms should have been included, these were not part of the agreement and failure to agree to them does not vitiate the settlement agreement or the final judgment.
WARNER, KLEIN and PARIENTE, JJ., concur.