951 So.2d 985 (2007)
Louis G. HAMMOND, Appellant,
v.
DSY DEVELOPERS, LLC., Appellee.
No. 06-572.
District Court of Appeal of Florida, Third District.
March 14, 2007.
*987 Welbaum, Guernsey, Hingston, Greenleaf, Gregory, Black, Rune & Thomas and Robert J. Black, Coral Gables, for appellant.
Hinshaw & Culbertson and James H. Wyman, Ft. Lauderdale, for appellee.
Before RAMIREZ, SUAREZ, and LAGOA, JJ.
LAGOA, Judge.
Louis Hammond ("Hammond") appeals from an adverse summary judgment order granting DSY Developers, LLC ("DSY") specific performance on a contract for the sale of land. We affirm in part and reverse in part.
I. FACTUAL HISTORY
Hammond is the owner of a ten-acre tract of land in Indian River County, Florida. In July, 2004, DSY commenced negotiations for the purchase of the land. After exchanging offers and counteroffers for several months, on November 11, 2004, DSY made a counteroffer and tendered a $25,000 deposit check, with an acceptance date of November 25, 2004.
After receiving the offer, Hammond made slight changes to the contract including changing the acceptance date to December 10, 2004. After making these changes, Hammond mailed the counteroffer, but not until December 15, 2004. DSY received the revised contract on December 20, 2004. On January 12, 2005, counsel for DSY faxed the executed contract to counsel for Hammond. Hammond, however, refused to honor the contract, contending that DSY's failure to accept by December 10 had voided the offer.
DSY filed this action for specific performance and moved for summary judgment, contending that an acceptance term is waived when a counteroffer is tendered after the date specified in it for acceptance and that, as a matter of law, DSY accepted Hammond's counteroffer within a reasonable time period. The trial court entered summary judgment in DSY's favor. The order, as written, grants judgment in favor of DSY for specific performance on the contract for the sale of land. The order also provides that should Hammond fail to comply with his contractual obligations by a date certain, the judgment shall act as a conveyance of title to the property. This appeal ensued.
II. STANDARD OF REVIEW
Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Volusia County *988 v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). "Where the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only and determinable by entry of summary judgment." Id. at 131 (citations omitted). We review a trial court's ruling on a motion for summary judgment de novo. Id. at 130. Additionally, a trial court's decision construing a contract presents an issue of law that is subject to the de novo standard of review. Florida Power Corp. v. City of Casselberry, 793 So.2d 1174, 1178 (Fla. 5th DCA 2001).
III. ANALYSIS
This case presents a question of first impression: whether a deadline for accepting an offer may be waived by delivering the offer after the deadline has passed. We answer the question in the affirmative and further hold that once an acceptance term is deemed waived, the offeree has a reasonable period of time within which to accept the offer.
It is axiomatic that contractual terms may be waived, both expressly and implicitly, by the party to whom the term benefits. Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263, 265 (1945). Indeed "[a] party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished." Torres v. K-Site 500 Assocs., 632 So.2d 110, 112 (Fla. 3d DCA 1994). In this case, by mailing the counteroffer after its December 10th acceptance date, we hold that, as a matter of law, Hammond's actions constituted an implied waiver of the acceptance date. See De Cespedes v. Bolanos, 711 So.2d 216, 218 (Fla. 3d DCA 1998); Doolittle v. Fruehauf Corp., 332 So.2d 107, 109-10 (Fla. 1st DCA 1976).
"The general Florida rule is that when a contract does not expressly fix the time for performance of its terms, the law will imply a reasonable time." See De Cespedes, 711 So.2d at 218 (citation omitted). Simply put, because Hammond's conduct constituted an implied waiver of the December 10th acceptance date, the counteroffer contained no restriction on time other than reasonableness. Moreover, because the parties do not dispute the material facts regarding the parties' course of dealings, the determination of whether an offer was accepted in a reasonable time is therefore a question of law. See McDonald v. Sanders, 103 Fla. 93, 137 So. 122, 125 (1931); Henson v. James M. Barker Co., 636 So.2d 887, 889 (Fla. 1st DCA 1994). Here, the parties had a course of dealings, which are undisputed, where offers and counteroffers remained open for a period of weeks. As such, under the circumstances present in this case, i.e., the parties' course of dealings and an offer tendered just before the December holidays, we conclude as a matter of law that DSY accepted Hammond's offer within a reasonable time.
IV. TRIAL COURT'S JURISDICTION
Although the trial court's jurisdiction to enter the order in question was not raised below or on appeal, it is the duty of this Court to remain vigilant to the issue of subject-matter jurisdiction. See WEG Industrias, S.A. v. Compania De Seguros Generales Granai, 937 So.2d 248, 249-50 (Fla. 3d DCA 2006). Florida adheres to the local action rule which dictates that when real property is in controversy, "jurisdictional authority exists over the property only in the circuit where the land is situated." Ruth v. Dep't of Legal Affairs, 684 So.2d 181, 185 (Fla.1996). Thus, an in rem suit, in which the real property is the primary dispute and the parties are seeking to act directly on the *989 property or the title, may only be entertained in the circuit where the property is located. Id. In contrast, an action for specific performance on a contract for the sale of land is an in personam suit and may be maintained outside of the county where the property at stake lies. Jutagir v. Marlin, 453 So.2d 503 (Fla. 3d DCA 1984). We find, therefore, that the trial court had jurisdiction to render an order on the specific performance claim.
To the extent the trial court's order operates as a mandate to transfer title, however, that portion of the order must be reversed. Despite having authority to render a decision on the merits of a specific performance claim due to its in personam jurisdiction, a trial court may not order the transfer of real property unless it also has in rem jurisdiction. Greene v. A.G.B.B. Hotels, Inc., 505 So.2d 666, 667 n. 1 (Fla. 5th DCA 1987). Indeed, "the local action rule precludes a court that lacks in rem jurisdiction from transferring title." Ruth, 684 So.2d at 186. Because the property at issue is located in Indian River County, the trial court located in Miami-Dade county is without jurisdiction to order the transfer of title, and we reverse that portion of the trial court's order. If transfer of title is required in order to give effect to the trial court's order granting summary judgment in favor of DSY's claim for specific performance, the proper remedy in that circumstance is to transfer the case to a court able to exercise in rem jurisdiction. Id.
V. CONCLUSION
Accordingly, we affirm the trial court's order to the extent it grants summary judgment in favor of DSY for specific performance on the contract for sale of land, but reverse that portion of the order directing title to pass from Hammond to DSY in the event Hammond fails to comply with his obligations under the contract. We further remand this matter for proceedings not inconsistent with this opinion.[1]
Affirmed in part; reversed in part.
NOTES
[1] Nothing in this opinion should be construed as divesting the trial court of jurisdiction to determine entitlement to attorney's fees and costs incurred in the underlying lawsuit for specific performance.