985 So.2d 654 (2008)
Ainsley MUNROE, Appellant,
v.
U.S. FOOD SERVICE and Ace American Insurance, Appellees.
No. 1D07-1941.
District Court of Appeal of Florida, First District.
June 27, 2008.
Bram J. Gechtman of Downs, Brill, & Whitehead, Coral Gables; Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellant.
David P. Carugati of Hinshaw & Culbertson, LLP, Miami, for Appellees.
PER CURIAM.
Claimant Ainsley Munroe appeals from an order enforcing a settlement agreement with the employer, U.S. Food Service, and carrier, Ace American Insurance (the E/C). We conclude that the document at issue was not a completed settlement agreement, and reverse.
Munroe was injured at work on April 11, 2006. Claimant and the E/C entered into mediation, and the mediator issued the following Mediation Settlement Agreement Report:

Contingent upon employer/carrier approval, the parties agree to a total settlement of $30,000, out of which claimant will pay attorney fees + costs of $5000. Claimant will net $25,000.

*655 E/C has 20 days for the contingency. If e/c does not approve of $30,000, claimant has option of accepting $25,000 total with $5000 to attorney + therefore [$]20,000 to claimant net.
Claimant agrees to sign a General Release + Voluntary Resignation.
E/C agrees to authorize physical therapy until Judge signs order.
(Emphasis added.) It was signed by Munroe, his attorney, and the E/C's attorney. Munroe retained a new lawyer who sent a letter to the E/C two days later stating that Munroe had opted out of the mediation agreement. The carrier replied eleven days later that the E/C had obtained "$30,000.00 in settlement authority," thus satisfying the contingency in the settlement agreement, and asserted that "the agreement is enforceable as the contingency was not mutual."
The judge of compensation claims granted the E/C's motion to enforce, concluding as a matter of law that the parties had entered into a binding agreement.
Interpretation of settlement agreements is governed by contract law, and whether an agreement constitutes a valid contract is a matter of law subject to de novo review. See Gunderson v. Sch. Dist. of Hillsborough County, 937 So.2d 777, 779 (Fla. 1st DCA 2006). Conditioning a contract upon approval by one of the parties shows that a binding contract has not yet been formed. See Meekins-Bamman Prestress, Inc. v. Better Constr., Inc., 408 So.2d 1071, 1073 (Fla. 3d DCA 1982) ("It is universally held that a document. . . which specifically conditions the contractual effectiveness of a proposal by a projected seller upon its own subsequent approval, constitutes no more than a solicitation to the prospective purchaser to make an offer itself."); Rudolph v. Lewis, 418 So.2d 296, 297 (Fla. 2d DCA 1982) ("An acceptance clause specifically limits the authority of an agent and reduces an agreement to the status of an unaccepted offer. . . . Only when the agent's principal accepts the offer does a contract arise.").
Section 440.25(3)(b), Florida Statutes (2006), provides, in part: "In the event both parties agree, the results of the mediation conference shall be binding and neither party shall have a right to appeal the results." The mediation report expressly provided that both parties had not yet agreed. Because counsel for the E/C attended mediation without full authority to settle,[1] we read the agreement in the case at bar as an offer by Munroe to settle for $30,000, to which counsel for the E/C provisionally agreed, pending actual acceptance of the offer by the E/C. Munroe was permitted to revoke the offer before it was accepted. See, e.g., Gibson v. Courtois, 539 So.2d 459, 460 (Fla.1989).
REVERSED and REMANDED for proceedings consistent with this opinion.
BARFIELD, VAN NORTWICK, and PADOVANO, JJ., concur.
NOTES
[1] Florida Administrative Code rule 60Q-6.110(5) states that mediation shall be attended by the claimant; the carrier's claims representative, who "must have full authority to settle the issues"; the employer, if the employer/servicing agent does not have full authority to settle the issues; and the parties' attorneys. The rule expressly provides: "The appearance of an attorney for a party does not dispense with the required attendance of the party." Subsection 60Q-6.110(6) provides: "Failure to attend the mediation conference without having shown good cause or failure to appear at the mediation conference with full authority to resolve the issues may subject the party or the attorney to sanctions."