PER CURIAM.
Claimant appeals an order of the Judge of Compensation Claims (JCC) enforcing a mediation settlement agreement. Claimant argues that the agreement was contingent on approval of a Medicare Set-Aside Agreement (MSA) by the Centers for Medicare & Medicaid Services (CMS), and because no such approval occurred, Claimant could void the settlement. For the reasons explained below, we agree, and reverse.
The parties entered into a mediation agreement on March 26, 2007. At that time, Claimant was receiving social security disability benefits (SSD). A provision in the agreement stated:
This Agreement is contingent on CMS Approval of the MSA amount recommended by Gould & Lamb, as attached. If such MSA is not approved by CMS, then either Claimant or E/C can void this agreement.
Shortly after the agreement was signed, the Employer/Carrier (E/C) was advised by Gould & Lamb that, although Claimant was receiving SSD, she was not yet a Medicare beneficiary, and was not expected to be within thirty months. Gould & Lamb further advised that, under these circumstances, because the settlement was for less than $250,000.00, CMS approval of the MSA was unnecessary and the agency would not consider the matter at all. Based on this information, the E/C declined to submit the MSA for approval, informed Claimant’s attorney of this development, and forwarded the final settlement and release documents for Claimant’s signature.
Claimant refused to sign the documents because the contingency was not satisfied, and the E/C moved to enforce the settlement agreement. A final hearing was held on March 5, 2008, nearly one year after the mediation agreement was signed. Claimant’s attorney represented to the JCC that her client was approximately one month away from becoming a Medicare beneficiary, and she was concerned that *911 she would need approval of the MSA at that time, thus, underscoring the importance of the contingency.
Ultimately, the JCC agreed with the E/C’s argument, and found the parties’ intent concerning CMS approval of the MSA “was to avoid [Claimant being responsible for an additional amount.” The JCC found no set aside was necessary because the settlement didn’t meet the $250,000.00 threshold. Based on these findings, the JCC found the parties’ intent was satisfied and entered an order enforcing the agreement.
The only evidence on the issue of the parties’ intent is the settlement agreement itself, which we review de novo. See Munroe v. U.S. Food Serv., 985 So.2d 654 (Fla. 1st DCA 2008). A court may look beyond the language of a contract only when the document’s terms are ambiguous. See Churchville v. GACS, Inc., 973 So.2d 1212, 1215 (Fla. 1st DCA 2008). Whether an agreement is ambiguous is a question of law, reviewed de novo. Id.
Here, there is nothing ambiguous about the contingency provision: If there is no CMS approval, whatever the reason, Claimant can void the agreement. See also Quinlan v. Ross Stores, 932 So.2d 428, 429 (Fla. 1st DCA 2006) (upholding the JCC’s finding that a final and enforceable agreement was never made where the parties intended finality of their settlement agreement to hinge, in part, on approval of the set-aside amount by CMS, and, because claimant died before this could happen, the contingency was not satisfied); Munroe, 985 So.2d at 655 (holding that conditioning a contract upon a party’s approval shows a binding contract has not yet been formed).
Based on the plain language of the agreement, Claimant could void the settlement because the contingency of CMS approval of the MSA did not occur. The JCC’s order enforcing the agreement is REVERSED and REMANDED for proceedings consistent with this opinion.
BARFIELD, DAVIS, and HAWKES, JJ., concur.