# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-562
_____

RANDY and VIRGINIA BASNER,

    Appellants,

    v.

BRETT BERGDOLL, JASON
BERGDOLL, and DARA BERGDOLL,

    Appellees.

_____


On appeal from the Circuit Court for Levy County.
Stanley H. Griffis, III, Judge.

October 23, 2019


OSTERHAUS, J.

Randy and Virginia Basner appeal the circuit court's order granting summary judgment for defendants/appellees Jason and Dara Bergdoll on an issue involving a disputed release of claims arising from a car accident. We reverse because there was no "meeting of the minds" between the parties on the agreement.

## I.

In 2017, the Basners were involved in an automobile accident with a vehicle owned by Jason and Dara Bergdoll and driven by their son Brett. The Bergdolls' liability insurer began correspondence with the Basners that led to its tendering the

limits of the Bergdolls' policy in exchange for releasing all three defendant/appellees from liability. The insurer mailed a draft release of all claims to the Basners for them to sign along with a $50,000 settlement check. It instructed the Basners that each of the Bergdolls was an insured under the policy and should be released. The insurer also requested that the Basners notify them of any changes to the release prior to their revision and signature.

The Basners did not follow these instructions. Rather, they scratched out the driver-son's name throughout the draft release, initialed each revision, signed and notarized the revised draft release, returned it to the insurer, and held onto the check (without cashing it). The Basners also attached a handwritten question to the document asking: "Do we have to release the driver?"

After sending the revised draft release back to the insurer, the Basners did not hear back. A couple months later, a new attorney for the Basners sent a letter to the Bergdolls' insurer returning the check and notifying it that the Basners would be proceeding with the litigation against all of the defendants. The insurer responded that the Basners had already released the parent-defendants and so would be sending the check back to them.

A dispute over the release ensued. The Bergdolls moved for summary judgment on the basis that the Basners released the two parent-defendants from all claims arising out of the accident. The Basners filed a cross-motion for partial summary judgment arguing that no settlement agreement existed because there was never "a meeting of the minds concerning the essential terms and there was never an offer and acceptance of the same terms." The trial court ultimately found the release to have been effective and granted summary judgment for the parent-defendants. It also denied the Basners' cross-motion. The Basners filed a timely appeal.

II.

The Basners argue on appeal that the trial court wrongly bound them to the terms of a draft release that the parties never agreed to below.

2

The "[i]nterpretation of settlement agreements is governed by contract law, and whether an agreement constitutes a valid contract is a matter of law subject to de novo review." *Munroe v. U.S. Food Serv.*, 985 So. 2d 654, 655 (Fla. 1st DCA 2008). "Summary judgment is proper only if (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered, and (2) the moving party is entitled to a judgment as a matter of law." *S. Nat'l Track Servs., Inc. v. Gilley*, 152 So. 3d 13, 16 (Fla. 1st DCA 2014) (quotation omitted).

This case involves the fundamental tenets of contract law: offer and acceptance. In Florida, settlement agreements are governed by the law of contracts. *See Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992). As is true of contracts generally, a settlement agreement is formed "only when one party makes an offer and another party accepts it." *Hanson v. Maxfield*, 23 So. 3d 736, 739 (Fla. 1st DCA 2009). An acceptance sufficient to create an enforceable agreement "must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Nichols v. Hartford Ins. Co. of the Midwest*, 834 So. 2d 217, 219 (Fla. 1st DCA 2002). This ensures that there is a "meeting of the minds" between the parties on all essential terms. "[W]here it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds." *de Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 681 (Fla. 1st DCA 2007) (quoting *Central Props., Inc. v. Robbinson*, 450 So. 2d 277, 280 (Fla. 1st DCA 1984), *modified on other grounds*, 468 So. 2d 986 (Fla. 1985)).

Turning to this case, the problem with the disputed release here is that the Basners did not agree to the same terms offered by the Bergdolls' insurer. The insurer asked the Basners to release all claims against each of the three insured defendants and sent them a draft release that would have accomplished this goal. But the Basners did not agree to those terms. Instead, they agreed to release only two of the three insured defendants, only the parents and not their driver-son. By scratching out the insured driver-defendant from the draft release, and then asking the insurer whether they had to release him, the Basners tendered a counter-

offer and continued negotiating an essential term of the release. *Central Props., Inc.*, 450 So. 2d at 280; *see also Grant v. Lyons*, 17 So. 3d 708, 710-11 (Fla. 4th DCA 2009) (noting that counteroffers are created by adding additional terms or not meeting the terms of the original offer). After not hearing back from the Bergdolls' insurer for the next two months, the Basners gave notice of proceeding with their lawsuit against all three defendants and returned the uncashed settlement check. The Basners' actions effectively terminated their counteroffer before the parties agreed on the final terms of a release.

We acknowledge the Bergdolls' view that there was an implicit acceptance of the Basners' counteroffer because the check sent with the release form was not canceled. But silence under these circumstances—where the Basners had altered an essential term of the release, asked an open question about that essential term, heard nothing back from the insurer, and did not cash the check—does not show an implicit meeting of the minds on the basic terms of the release. And "[w]ithout assent or the meeting of the minds as to the essential terms contained in an offer, there is no valid acceptance." *Grant*, 17 So. 3d at 710 (citing *Nichols*, 834 So. 2d at 219).

### III.

We therefore REVERSE the order granting the Bergdolls' summary judgment motion and REMAND for further proceedings.*

LEWIS and KELSEY, JJ., concur.

---

    * We decline to consider Appellants' second argument seeking review of the trial court's decision to deny their cross-motion for partial summary judgment. *See Aten v. Dell Air Heating*, 81 So. 3d 643 (Fla. 1st DCA 2012) (dismissing an appeal of an order denying a motion for summary judgment because it is a non-appealable, nonfinal order).

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Benjamin E. Richard, William A. Bald, and Michael S. Pajcic of Pajcic & Pajcic, P.A., Jacksonville, for Appellants.

Samuel B. Spinner and Hinda Klein of Conroy Simberg, Hollywood; Matthew Scarborough of Scarborough Attorneys at Law, Tampa, for Appellees.