# Third District Court of Appeal
## State of Florida

Opinion filed November 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0223
Lower Tribunal No. 22-1195
_____

**Luis R. Mercado, et al.,**
Appellants,

vs.

**Jayanth Sridhar, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Arnaldo Vélez, P.A., and Arnaldo Vélez, for appellants.

Holland & Knight LLP, and Joshua R. Levenson (Fort Lauderdale), Christopher Bellows and Jordan N. Bittle (Fort Lauderdale), for appellees.

Before FERNANDEZ, SCALES and MILLER, JJ.

SCALES, J.

In this action involving the sale and purchase of real property, appellants Luis R. Mercado and Chanttel Mercado ("Sellers"), the defendants/counter-plaintiffs below, appeal a January 9, 2023 final summary judgment in favor of appellees Jayanth Sridhar and Nika Bagheri ("Buyers"), the plaintiffs/counter-defendants below, on (i) Buyers' claim for specific performance, and (ii) Sellers' counterclaim for slander of title. The trial court entered the judgment after concluding that the parties had executed a valid and enforceable agreement for Buyers' purchase of Sellers' home. Finding no error, we affirm the challenged final summary judgment.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

On January 21, 2022, Buyers filed this action in the Miami-Dade County Circuit Court seeking specific performance of a fully executed contract for the sale and purchase of a residential home using the standard form approved by the Florida Association of Realtors and the Florida Bar ("Form Agreement"). Sellers' responsive pleading denied that the parties had entered into an enforceable contract and included a counterclaim alleging that Buyers' recordation of a lis pendens had slandered the title to Sellers' home.

In April 2022, Buyers moved for summary judgment, arguing that, because the Form Agreement contained all of the requirements of a contract,

2

was executed by the parties, contained an integration clause, and did not expressly incorporate Buyers' proposed addendum (made in Buyer's offer) or Seller's proposed, revised addendum (made in Sellers' counteroffer), the Form Agreement – while proposed and negotiated[1] contemporaneously with an addendum thereto – constituted the entire agreement between the parties. According to Buyers, the parties had come to an express agreement on the terms of Buyers' purchase of the real property, but simply failed to agree upon the terms of, and failed to execute, a stand-alone agreement covering Buyers' purchase of the home's furnishings and Sellers' leaseback option.

Sellers also moved for summary judgment, arguing that the fully executed Form Agreement was not enforceable because the parties had not reached a meeting of the minds regarding the issues contained in the addendum (regarding the home's furniture and a leaseback option), and that those addendum issues were essential to the formation of the contract. According to Sellers, such an addendum was sufficiently incorporated by reference into the Form Agreement because both Buyers (with the offer) and

---

[1] The only change made to the face of the Form Agreement during the parties' negotiations was to the purchase price, with parties agreeing upon $3.2 million.

3

Sellers (with the counteroffer) had "attached" their competing versions of an addendum to the Form Agreement when they made their respective offers.

After holding a hearing on the parties' competing summary judgment motions, the trial court entered the challenged January 9, 2023 final summary judgment in favor of Buyers on Buyers' claim for specific performance and Sellers' counterclaim for slander of title. The judgment directed the parties to proceed to closing on the home for the purchase price of $3.2 million. Sellers timely appealed this January 9, 2023 judgment.

## II.    ANALYSIS[2]

### A. Issue on Appeal

The parties do not dispute that the Form Agreement, a residential real estate contract approved by the Florida Association of Realtors and the Florida Bar, satisfied the requirements of legal contract formation and, if considered alone, constituted a valid and enforceable agreement. The primary issue in this appeal, therefore, is whether it was proper for the trial court to enforce the Form Agreement without regard to a contemporaneously negotiated, but unexecuted, addendum that, had it been agreed to by the

---

[2] "[A] trial court's decision construing a contract presents an issue of law that is subject to the *de novo* standard of review." Hammond v. DSY Developers, LLC, 951 So. 2d 985, 988 (Fla. 3d DCA 2007). And we review *de novo* an order granting final summary judgment. Id.

4

parties, would have added additional terms not contained in the Form Agreement. Put another way, the issue is whether the trial court erred by concluding that the fully executed Form Agreement constituted an enforceable contract without regard to the unexecuted addenda that the trial court determined had not been incorporated into the Form Agreement.

In the challenged judgment, the trial court determined that an unexecuted addendum was not part of the Form Agreement because, "[p]ursuant to the plain terms of the [Form Agreement], in order for the parties to elect that an addendum was to be included, that election must be made within the 12 pages of the Contract itself." Therefore, the lower court determined, the fully executed Form Agreement constituted a valid and enforceable agreement, despite the parties failing to come to an agreement on the collateral issues covered by the addendum.

*B. This Court's Muñiz decision*

In the challenged judgment, the trial court relied heavily upon this Court's decision in Muñiz v. Crystal Lake Project, LLC, 947 So. 2d 464 (Fla. 3d DCA 2006), which we find instructive to our analysis.

In Muñiz, a home builder provided prospective purchasers with an unexecuted agreement for the construction and sale of a model home. The purchasers signed the agreement and made a separate list of additional

options that the purchasers believed should be included in the subject property. Id. at 467. Although the purchasers provided their "additional option[s] list" to the builder along with their signed copy of the agreement, the purchasers' additional options list was neither added to nor incorporated by reference into the purchase agreement. Id. The builder then signed the agreement, resulting in a fully executed contract. Id.[3]

For reasons not relevant here, the builder sought to cancel the agreement during construction, which led to the purchasers filing an action for specific performance. The trial court declined to enforce the contract, concluding, in part, that the parties' failure to agree upon the purchasers' additional options list rendered the agreement's terms unclear, indefinite, uncertain and incomplete. Id. at 469. On appeal, this Court reversed, holding that the trial court erred in denying the purchasers' claim for specific performance. We concluded that, because the purchasers' additional options list had never been incorporated into the parties' agreement, the parties' agreement was clear, definite, certain and complete based *solely* on the terms of the agreement itself. Id. at 470. In reaching this determination,

---

[3] The builder sent the purchasers two copies of the agreement that contained slightly different hand-written notations, but the builder signed only one copy after it was executed by the purchasers. The purchasers stipulated in the trial court that the copy of the agreement fully executed by the parties was the "actual purchase and sale agreement between the parties." Id. at 469.

6

we explained that while the agreement expressly contemplated the parties' execution of an "Option and Upgrade Agreement" that "shall be incorporated into this Agreement," the purchasers' additional options list  "was not fully executed by both parties as per the terms of the Agreement, nor was it incorporated by reference thereto." Id. Consequently, we concluded that, because the purchasers' additional options list was not part of the agreement, and the agreement was otherwise enforceable, the trial court should have granted the purchasers their requested specific performance remedy. Id.

### C. Applying Muñiz to the Instant Case

We agree with the trial court that Muñiz is sufficiently similar to this case and, therefore, controls the outcome of this appeal. While the Form Agreement defined the "Contract" as including "any riders and addenda" and provided that "[r]iders, addenda, and typewritten or handwritten provisions shall control all printed provisions of this Contract in conflict with them," the Form Agreement also contained a provision (paragraph 19) that clearly and unambiguously required the parties to *expressly incorporate any addenda within the Form Agreement*.[4] Despite this provision, no box in paragraph 19

---

[4] Paragraph 19 of the Form Agreement provided:

was checked, no additional terms relevant to an addendum were identified anywhere in the Form Agreement, and the summary judgment record plainly reflects that neither Buyers nor Sellers (or their agents) specifically incorporated an addendum into the Form Agreement. Given the Form Agreement's plain language requiring the express incorporation of any collateral agreements into the Form Agreement, coupled with the Form Agreement's integration clause,[5] the trial court correctly construed the addendum – the terms of which the parties had not agreed to – as separate, distinct, severable from, and collateral to, the Form Agreement. As in Muñiz,

---

**ADDENDA AND ADDITIONAL TERMS**

\* **19. ADDENDA:** The following additional terms are included in the attached addenda or riders and incorporated into this Contract (**Check if applicable**):

| | | |
|---|---|---|
| ☐ A. Condominium Rider | ☐ M. Defective Drywall | ☐ X. Kick-out Clause |
| ☐ B. Homeowners' Assn. | ☐ N. Coastal Construction Control Line | ☐ Y. Seller's Attorney Approval |
| ☐ C. Seller Financing | | ☐ Z. Buyer's Attorney Approval |
| ☐ D. Mortgage Assumption | ☐ O. Insulation Disclosure | ☐ AA. Licensee Property Interest |
| ☐ E. FHA/VA Financing | ☐ P. Lead Paint Disclosure (Pre-1978) | ☐ BB. Binding Arbitration |
| ☐ F. Appraisal Contingency | ☐ Q. Housing for Older Persons | ☐ CC. Miami-Dade County Special Taxing District Disclosure |
| ☐ G. Short Sale | ☐ R. Rezoning | |
| ☐ H. Homeowners/Flood Ins. | ☐ S. Lease Purchase/ Lease Option | |
| ☐ I. RESERVED | ☐ T. Pre-Closing Occupancy | ☐ DD. Seasonal/Vacation Rentals |
| ☐ J. Interest-Bearing Acct | ☐ U. Post-Closing Occupancy | ☐ EE. PACE Disclosure |
| ☐ K. RESERVED | ☐ V. Sale of Buyer's Property | ☐ Other:_____ |
| ☐ L. RESERVED | ☐ W. Back-up Contract | _____ |

[5] The integration clause provided as follows:

> **P. INTEGRATION; MODIFICATION:** This Contract contains the full and complete understanding and agreement of Buyer and Seller with respect to the transaction contemplated by this Contract and no prior agreements or representations shall be binding upon Buyer or Seller unless included in this Contract. No modification to or change in this Contract shall be binding upon Buyer or Seller unless in writing and executed by the parties intended to be bound by it.

8

the parties' mere act of attaching an addendum to the Form Agreement when making their offer/counteroffer was insufficient to make the addendum an essential part of the Form Agreement, such that the addendum's terms had to be agreed to in order for the Form Agreement to be enforceable. Muñiz, 947 So. 2d at 470; see Gen. Impact Glass & Windows Corp. v. Rollac Shutter of Texas, Inc., 8 So. 3d 1165, 1167 (Fla. 3d DCA 2009) ("The terms and conditions, which Rollac urges this Court to consider as a part of the contract, were never signed by General Impact, and were never expressly incorporated into or attached to any of the documents that formed the contract between the parties. . . . Because that separate document was not incorporated into the writings exchanged between the parties, General Impact is not bound by it."); see also Duval Motors Co. v. Rogers, 73 So. 3d 261, 265 (Fla. 1st DCA 2011) ("Although the existence of a merger clause does not *per se* establish that the integration of the agreement is total, . . . a merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms." (quoting Jenkins v. Eckerd Corp., 913 So. 2d 43, 53 (Fla. 1st DCA 2005))).

Affirmed.

9