# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-0594
LT Case No. 2018-CA-00353

———————————————

PHILLIP C. DOZIER and
JENNIFER E. DOZIER,

    Appellants,

    v.

DAVID R. SCRUGGS and
JANNA P. SCRUGGS,

    Appellees.

———————————————

Nonfinal appeal from the Circuit Court for Sumter County.
Jason J. Nimeth, Judge.

Scott A. Smothers and Mitchell L. Davis, of Smothers Law Firm,
P.A., Apopka, for Appellants.

Lindsay C. T. Holt, of Crawford, Modica & Holt, Chartered
Attorneys at Law, Tavares, for Appellees.

February 2, 2024

SOUD, J.

    Appellants Phillip and Jennifer Dozier appeal the trial court's
denial of their motion seeking enforcement of a mediated
settlement agreement entered into with Appellees David and
Janna Scruggs (collectively, "Scruggs"). We have jurisdiction. *See*

Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(b); Fla. R. App. P. 9.130(a)(3)(C)(ix). We reverse and remand.

I.

The Doziers, as husband and wife, own noncontiguous pieces of real property in Sumter County, Florida. Situated between these two Dozier properties are numerous parcels, one of which was owned by Scruggs. The Doziers filed suit against the several property owners, including Scruggs, seeking a prescriptive easement (or the like) across each of their respective properties.[1] Ultimately, after more than a year of litigation, in November 2019 the Doziers and Scruggs attended mediation and entered into a written mediated settlement agreement.

In the agreement, Scruggs agreed to:

> convey an easement to be prepared by [the Doziers'] counsel over [described land]. In the event legal and marketable and insureable [sic] access from C.R. 719 to Slemons Easement such that legal and insureable [sic] access is obtained for the benefit of [the Doziers] and their parcels . . . , this easement shall terminate.

The agreement further provides that if access is not obtained from C.R. 719, then Scruggs could replace the granted easement with one at a different location on their property (at Scruggs' expense and with certain requirements). The agreement contained no provision setting forth the timeframe in which the easement was to be prepared by the Doziers' counsel or executed by Scruggs. Similarly, the agreement contained no provision concerning any

---

[1] Originally, the Doziers sued six defendant owners of parcels that separated the Doziers' properties. To access their property to the south, the Doziers would use an existing roadway across the original six defendants' properties. A portion of the roadway runs through Scruggs' property. Prior to this appeal, all defendants except for Scruggs were dismissed from the underlying action.

2

obligation required of the Doziers in obtaining the access from C.R. 719.

The Doziers' counsel prepared the form of the easement. After Scruggs had failed to sign the easement, the Doziers filed a motion for sanctions in June 2020,[2] which was denied by the trial court. Thereafter, the Doziers again filed a motion—this time seeking enforcement of the mediated settlement agreement and entry of judgment against Scruggs. The trial court denied the motion in December 2022, more than three years after the mediated settlement agreement was signed. This appeal followed.

## II.

We are called upon to decide a relatively narrow issue: whether the mediated settlement agreement is enforceable. It is.[3]

As mediated settlement agreements are contracts, they are governed by contract law, *see Postma v. Baker*, 276 So. 3d 828, 829 (Fla. 4th DCA 2019), and "construed in accordance with the rules for interpretation of contracts." *Patrick v. Christian Radio*, 745 So. 2d 578, 580 (Fla. 5th DCA 1999). Thus, our review is de novo. *See Mid-Continent Cas. Co. v. R.W. Jones Constr., Inc.*, 227 So. 3d 785, 788 (Fla. 5th DCA 2017).

Under Florida law, settlement agreements are "highly favored." *See Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). This "strong policy in Florida . . . is especially fitting when settlement results from formal mediation." *Lentz v. Cmty. Bank of Fla., Inc.*, 189 So. 3d 882, 887 (Fla. 3d DCA 2016). Mediated

---

[2] This motion alleges that the easement document was prepared by the Doziers' counsel in collaboration with Scruggs' counsel and that no further requests for changes or additions were made by Scruggs.

[3] The issue before us is *not* whether the Doziers are entitled to a prescriptive, statutory, or other easement across Scruggs' land and the locations and requirements related thereto. As we discuss more fully *infra*, the parties have, with the full benefit of counsel during mediation, resolved that issue for themselves.

3

settlement agreements will be enforced whenever possible because the settlement of cases conserves the taxpayers' resources invested in the judicial branch. *See Robbie*, 469 So 2d at 1385; *see also Patrick*, 745 So. 2d at 580. Further, settlement allows the parties to steward their own affairs—that is, to broker for themselves an acceptable outcome rather than invite into their lives the unwelcome involvement of the machinery of government and the risk of an adverse determination at trial.

As with other types of contracts, for mediated settlement agreements to be legally enforceable, the essential terms of the parties' agreement must be "firm or definite." *De Cespedes v. Bolanos*, 711 So. 2d 216, 217 (Fla. 3d DCA 1998). "Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them." *Id.* at 217–18 (quoting *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.,* 302 So. 2d 404, 408 (Fla. 1974)). What constitutes an "essential term" in an agreement may vary depending upon the nature of the contemplated transaction or agreement and is evaluated on a case-by-case basis. *See Acosta v. Dist. Bd. of Trs. of Miami-Dade Cmty. Coll.*, 905 So. 2d 226, 228 (Fla. 3d DCA 2005).

Scruggs seek to avoid enforcement of the agreement by arguing that (i) the agreement contained no timeframe for their performance and (ii) Scruggs' obligation to grant the easement to the Doziers was intertwined with the Doziers' obligation to cooperatively seek an appropriate access from C.R. 719, which they have not done. Both arguments fail.

First, time of performance is not an essential term of the mediated settlement agreement before us. Generally, in Florida, "when a contract does not expressly fix the time for performance of its terms, the law will imply a reasonable time." *De Cespedes*, 711 So. 2d at 218 (quoting *Denson v. Stack,* 997 F.2d 1356, 1361 (11th Cir. 1993)); *see also Doolittle v. Fruehauf Corp.,* 332 So. 2d 107, 109–10 (Fla. 1st DCA 1976). Therefore, the absence of a provision requiring a time for Scruggs to execute the easement is not fatal to the agreement's enforceability.

4

The plain language of the mediated settlement agreement requires Scruggs to grant the Doziers the described easement. As contemplated by the agreement, the Doziers' counsel prepared the form of the easement, in consultation with counsel for Scruggs. The record reflects there was no continued dispute as to the form of the easement; only its execution (and subsequent filing) remained. Whatever would be implied by Florida law to be the reasonable time for Scruggs' performance under the agreement, that time has long since passed in the now four-plus years since the mediated settlement agreement was signed by the parties.

Finally, Scruggs' contention that their obligation to sign the easement is intertwined with the Doziers' purported obligation to obtain an access from C.R. 719 is contrary to the express terms of the agreement.[4] The agreement provides, "Scruggs shall convey an easement to be prepared by [Doziers'] counsel over [described lands]. In the event legal and marketable and insureable [sic] access from C.R. 719 . . . is obtained for the benefit of [the Doziers] and their parcels . . . , this easement shall terminate." Thus, the plain language of the mediated settlement agreement makes clear Scruggs' obligation to provide the described easement. By the agreement's express terms, this requirement is unconditional— there is no provision that conditions their performance on the occurrence of any event.

---

[4] In support of this argument, Scruggs suggest that other agreements with other owners contain language contemplating the Doziers' efforts to obtain access from C.R. 719. However, the trial court was not permitted to consider parol evidence. "A court may look beyond the language of a contract only when the document's terms are ambiguous." *Ivester v. Parkway Reg'l*, 996 So. 2d 909, 911 (Fla. 1st DCA 2008); s*ee generally Thompson o/b/o R.O.B. v. Johnson*, 308 So. 3d 250, 253 (Fla. 5th DCA 2020) ("'Where a contract is clear and unambiguous, it must be enforced pursuant to its plain language' without resort to parol evidence." (quoting *Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986 (Fla. 2015))). No ambiguity exists in this mediated settlement agreement. Thus, its express terms control.

The benefit obtained by the Doziers in the agreement is the described easement across Scruggs' land. Two corresponding benefits obtained by Scruggs are the right to terminate the easement if access from C.R. 719 is obtained, or to relocate the easement if such access if not obtained. The agreement simply does not tie the Doziers' right to the mediated easement to their efforts to obtain access from C.R. 719. When, as here, "the language of a settlement agreement is clear and unambiguous, 'courts may not indulge in construction or modification and the express terms of the settlement agreement control.'" *Postma*, 276 So. 3d at 829 (quoting *Com. Cap. Res., LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007)).

III.

The mediated settlement agreement is enforceable and must be given its full legal force and effect. Therefore, we REVERSE AND REMAND to the trial court for enforcement of the agreement and to set a reasonable time for David and Janna Scruggs to sign the easement contemplated thereby.

It is so ordered.

EDWARDS, C.J., and LAMBERT, J., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————