# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2164
LT Case No. 2021-CA-797

_____

C & F BERRY FARMS, LLC,

    Appellant,

    v.

WILLIAM CHANDLER and
AUDRA CHANDLER,

    Appellees.

_____


On appeal from the Circuit Court for Hernando County.
Pamela Stinnette Vergara, Judge.

Sheila M. Lake, of Lake Law Firm, P.A., St. Petersburg, for
Appellant.

Darryl W. Johnston, of Johnston Law Group, P.A., Brooksville,
for Appellees.



July 12, 2024

SOUD, J.

    Appellant C & F Berry Farms appeals the trial court's order
granting Appellees William and Audra Chandler's motion to
enforce settlement agreement concerning an easement the
Chandlers enjoy across C & F Berry Farms's property. We have

jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We affirm, concluding the mediated settlement agreement is binding and enforceable as the plain language of the agreement sets forth all essential terms reflecting the parties' meeting of the minds. Further, we grant the Chandlers's motion for appellate attorney's fees.

I.

The parties own contiguous real properties in Hernando County, Florida, with the Chandlers property located along the northern boundary of C & F Berry Farms's property. The Chandlers enjoy a fifteen-foot-wide easement of record along the west boundary of C & F Berry Farms's property. The Chandlers filed the underlying action seeking declaratory and injunctive relief to validate their use of this easement.

Ultimately, the case was referred to mediation. The parties settled their dispute and entered a written mediated settlement agreement. Pertinent here, the agreement provides:

> [The Chandlers] and [C & F Berry Farms] and Mary Sesler agree to simultaneously: a) extinguish the easement on the west 15 feet of Defendant's property . . . and b) create an easement over the east 15 feet of the property . . . . The purpose of the newly created easement shall be for unobstructed ingress, egress and utilities to and for the benefit of [the Chandlers'] property . . . and shall be prepared by Plaintiffs' and Defendants' counsel within thirty (30) days of this Agreement and shall be recorded within thirty-five (35) days of this Agreement or within five (5) days of Defendant's surveyor marking the property line as set forth in paragraph 2 below, whichever is later.

The parties further agreed to undertake certain additional efforts necessary to identify, prepare, and record the easement, such as surveyors marking the southeast corner of an identified parcel. The mediated settlement agreement also provides that the "prevailing parties" in any suit brought "for the enforcement of this Settlement Agreement . . . shall be entitled to payment of their

reasonable attorneys' fees and costs from the non-prevailing parties."

After mediation and execution of the settlement agreement, C & F Berry Farms indicated it would not proceed with the easement because a tree was located within the contemplated easement that was beneficial for C & F Berry Farms's livestock. After several alternatives proposed by the Chandlers were rejected by C & F Berry Farms, the Chandlers filed their motion to enforce the mediated settlement agreement. The trial court granted their motion.

This appeal followed.

## II.

As mediated settlement agreements are contracts, they are governed by Florida law pertaining to contracts and "construed in accordance with the rules for interpreting contracts." *Dozier v. Scruggs*, 380 So. 3d 505, 508 (Fla. 5th DCA 2024). Thus, our review is de novo. *See id.*

## A.

In Florida, mediated settlement agreements are "highly favored." *Id.* (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). "This 'strong policy in Florida . . . is especially fitting when settlement results from formal mediation.'" *Id.* (quoting *Lentz v. Cmty. Bank of Fla., Inc.*, 189 So. 3d 882, 887 (Fla. 3d DCA 2016)). Florida courts will enforce mediated settlement agreements "whenever possible" because such agreements conserve taxpayer resources invested in the judicial branch and allow "parties to steward their own affairs—that is, to broker for themselves an acceptable outcome rather than invite into their lives the unwelcome involvement of the machinery of government and the risk of an adverse determination at trial." *Id.* at 508–09.

As with other contracts, "for mediated settlement agreements to be legally enforceable, the essential terms of the parties' agreement must be 'firm or definite.'" *Id.* at 509 (quoting *De Cespedes v. Bolanos*, 711 So. 2d 216, 217 (Fla. 3d DCA 1998)). What constitutes an "essential term" varies depending upon the

transaction at issue or the nature of the agreement and is evaluated on a case-by-case basis. *See id.* A mediated settlement agreement will be binding upon parties when they agree on the essential terms and "seriously understand and intend the agreement to be binding on them," even when an agreement may not provide for every detail. *See id.*

Here, the detailed written settlement agreement clearly and unambiguously sets out the essential terms of the parties' agreement in this case. The properties involved are identified in detail; the old 15-foot easement along the western border being "extinguished" by agreement is fully described; the new easement, including its width and location along "the east 15 feet of the property" is appropriately described; and the purpose and use of the easement is set forth.

Further, details as to all that is necessary to give effect to the agreement are spelled out in the mediated settlement agreement. The necessary documents were to be "prepared by [the parties'] counsel within thirty (30) days . . . and shall be recorded within thirty-five (35) days of this Agreement or within five (5) days of Defendant's surveyor marking the property line as set forth in paragraph 2 below, whichever is later." Additionally, C & F Berry Farms was to pay a surveyor to mark the southeastern corner of the property.

Such exact terms and details make abundantly clear the parties "seriously underst[ood]" the terms of their agreement and intended to be bound thereby. The mediated settlement agreement in the record before us, contrary to C & F Berry Farms's argument, is much more than an "agreement to agree." Further, the subsequent discovery by C & F Berry Farms of a tree within the agreed-upon easement does not create or otherwise constitute a mistake sufficient to void this clear and unambiguous mediated settlement agreement.

Simply put, C & F Berry Farms's arguments raised to avoid the mediated settlement agreement are without merit. As such, the trial court correctly enforced the settlement agreement.

4

## B.

In this appeal, the Chandlers have filed a motion for award of appellate attorney's fees. The mediated settlement agreement expressly entitles the prevailing party "to payment of their reasonable attorneys' fees and costs from the non-prevailing parties." Further, section 59.46, Florida Statutes (2021), provides:

> In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal.

As a result, the Chandlers's motion for appellate attorney's fees is granted.

## III.

Accordingly, the trial court's order enforcing the mediated settlement agreement is AFFIRMED. Further, this matter is REMANDED to the trial court, pursuant to Florida Rule of Appellate Procedure 9.400(b), to determine and assess against C & F Berry Farms the reasonable appellate attorney's fees incurred by the Chandlers in this appeal.

It is so ordered.


MACIVER and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____