# Third District Court of Appeal
## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0718
Lower Tribunal No. 16-9950-CA-01
_____


**Adalberto Vega,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Neblett Law Group and, David A. Neblett and John A. Wynn, for appellant.

Paul R. Pearcy, P.A., and Maureen G. Pearcy, for appellee.


Before LOGUE, MILLER and BOKOR JJ.

PER CURIAM.

Affirmed. See Vision Palm Springs, LLLP v. Michael Anthony Co., 272 So. 3d 441, 444 (Fla. 3d DCA 2019) ("[T]he party seeking to enforce a settlement bears the burden of establishing assent by the opposing party."); Sakowitz v. Waterside Townhomes Cmty. Ass'n, Inc., 338 So. 3d 26, 28 (Fla. 3d DCA 2022) ("[I]n the absence of an acceptance of the offer within a reasonable period of time, there is no contract."); Hammond v. DSY Devs., LLC, 951 So. 2d 985, 988 (Fla. 3d DCA 2007) ("The general Florida rule is that when a contract does not expressly fix the time for performance of its terms, the law will imply a reasonable time." (quoting De Cespedes v. Bolanos, 711 So. 2d 216, 218 (Fla. 3d DCA 1998))); FQS Enter., LLC v. B & K Factor, Inc., 407 So. 3d 585, 588 (Fla. 3d DCA 2025) (Gooden, J., concurring specially) ("[W]here subject matter and personal jurisdiction are present, a lack of case jurisdiction does not render the trial court's proceedings or judgment void."); JJJTB, Inc. v. Schmidt, No. SC23-0915, 2025 WL 1968957, at *1 (Fla. July 17, 2025) ("[W]e hold that case jurisdiction is waivable, and that a party seeking to raise the issue must timely object to the trial court's lack of case jurisdiction, or waive the objection.").